Chester NOWICKE, Appellant,

v.

CENTRAL BANK & TRUST
COMPANY, Appellee.

Court of Appeals of Kentucky.

March 11, 1977.
Discretionary Review Denied
June 29, 1977.

Herman M. Dayton, Lexington, for appellant.

John H. Burrus, Kincaid, Wilson, Schaeffer & Hembree, Lexington, for appellee.

Before HOGGE, HAYES and VANCE, JJ.

HOGGE, Judge.

This is an appeal from a default judgment rendered in the Fayette Circuit Court in favor of the appellee, in an action against Chester Nowicke on a note. The appellant pledged certain security on a note to Central Bank and Trust Company, and upon default, said bank sued to recover and sell the security so pledged.

This suit herein was filed on July 21, 1972. Approximately one year after the suit was filed the appellant was finally located and served with a summons by a special bailiff. The appellant was scheduled to give his deposition on January 24, 1974. However, three days before the scheduled date, the appellant's attorney notified appellee's counsel that his client would not attend the deposition for medical reasons and that he had informed Nowicke that he should send a doctor's statement as to his condition. This was never done. On January 29, 1974 an agreed order was entered to the effect that his deposition would be taken February 26, 1974. Approximately three hours before the scheduled time for the deposition, the appellant telephoned his attorney to advise him that he was again ill

and would be unable to attend the deposition. His attorney appeared at the scheduled time and place for the deposition, and advised the appellee that the appellant was ill and would not be able to attend the deposition. However, the attorney for the appellant did not request that opposing counsel set a new date for the deposition nor did he move the court for a new date. On February 27, 1974 the appellee moved for a default judgment in accordance with CR 37.02, and on March 6, 1974 a hearing was held on that motion. On March 8, 1974 the court entered a default judgment in favor of the appellee. In the meantime, on March 5, 1974 the appellant's attorney moved the court to allow him to withdraw as counsel of record, and filed an affidavit stating that he had received little cooperation from the appellant and that the appellant had refused to be responsive. That motion was granted, and on April 5, 1974 the appellant's present counsel moved to set aside the default judgment. On May 5, 1974 a hearing was held on appellant's motion to set aside the default judgment, and an order was entered denying the motion. It is from that judgment the appellant has appealed.

The issue in this appeal is whether the trial court abused its discretion in granting appellee a default judgment under CR 37.-02. CR 37.02 provides, in part, that "If a party . . . fails to obey an order to provide or permit discovery . . ." the court may impose a variety of sanctions up to, and including, granting a default judgment.

The appellant contends that the imposition of such a harsh penalty in this case is unjust. The appellee, however, argues that the legislature intended the court to have wide latitude in the selection of sanctions it may impose and had, in fact, modified the statute to eliminate the word "willfully" from where it had previously appeared, immediately preceding the words "fails to obey", thus indicating that there no longer was any requirement that the failure be willful.

The United States Supreme Court has on several occasions interpreted Fed.R.Civ.P. 37 on which our own Kentucky CR 37.02 is based. While indicating that the imposition of the severest sanctions available under Rule 37 must be ". . . tempered by the careful exercise of judicial discretion to assure that its imposition is merited . . ."; it has also stated "effective discovery is exceedingly vital . . ." and the severest sanctions should be imposed where the evidence indicates a willful failure to comply with the discovery procedure. *In Re Professional Hockey Antitrust Litigation,* D.C., 63 F.R.D. 641.

The leading Supreme Court Case construing Fed.R.Civ.P. 37 is *Societe Internationale v. Rogers,* 357 U.S. 197, at page 212, 78 S.Ct. 1087, at page 1096, 2 L.Ed.2d 1255, at page 1267 (1958) where the court stated: ". . . we think that Rule 37 should not be construed to authorize dismissal of this complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." In that case, the court also stated, 357 U.S. at page 211, 78 S.Ct. at page 1095, 2 L.Ed.2d at pages 1266–1267:

"The findings below, and what has been shown as to petitioner's extensive efforts at compliance, compel the conclusion on this record that petitioner's failure to satisfy fully the requirements of this production order was due to inability fostered neither by its own conduct nor by circumstances within its control."

The court in *In Re Professional Hockey, supra,* relied on the *Roger's, supra,* decision in holding there had been no violation of the litigant's due process protections where the record indicated a flagrant disregard of the discovery requirements.

In the case at bar, as in *In Re Professional Hockey, supra,* the trial court found the evidence warranted a conclusion that the appellant had willfully failed to cooperate in the discovery process, and therefore was subject to the more severe penalties under Rule 37.

Appellant is correct in asserting that his statements concerning the reasons for his failure to comply with the order must be accepted as true in the absence of a denial thereof. *Armstrong et al. v. Biggs,* Ky., 275 S.W.2d 60 (1955). In that case, however, there was no proof that the defendants were willfully trying to evade discovery procedures. There, three defendants were scattered out in Ohio, Tennessee, and California and notice was served upon their attorneys only three working days prior to the scheduled deposition. The court in that case concluded, at page 63: "In the case at bar the attitude and prompt action of counsel for the defendants coupled with a reasonable excuse, indicated willingness rather than wilfullness [SIC]."

The trial court, in considering the totality of the facts and circumstances, concluded the appellant's bare assertion of illness, without medical proof to support it, was outweighed by other evidence indicating a pattern of contumacy. The court considered the length of time it took to achieve service of process on the appellant; the fact that the appellant had already failed to attend the first deposition as scheduled, and his own attorney's statements that the appellant had been uncooperative and unresponsive in preparing his defense.

[3] This court may not disturb the findings of the trier of fact where they are supported by the record. In the case of *Citizens Fidelity Bank and Trust Company v. Leake,* Ky., 380 S.W.2d 264, at page 266 (1964) the court stated:

"Under our rules (CR 52.01), findings of fact shall not be set aside unless clearly erroneous . . . To put it another way, if the evidence is such that the verdict of a properly instructed jury based thereon would stand, it is sufficient to sustain the finding."

Having found willful disregard of the discovery procedures, the trial court was justified in imposing a default judgment under CR 37.02.

Although we, here, deferred to the trial court's findings of fact which supported the imposition of a default judgment in this case, this decision should not be construed to indicate that this court is departing from the long held belief that a default judgment is justified only in certain rare circumstances, and that it should be imposed only when those circumstances warrant such a severe sanction.

The judgment is affirmed.

All concur.