E.I.C., INC., Appellant,

v.

**BANK OF VIRGINIA, and the Lincoln Savings Bank et al., Appellees.**

Court of Appeals of Kentucky.

May 18, 1979.

Alan T. Slyn, Louisville, for appellant.

Lively M. Wilson, Stites, McElwain & Fowler, Louisville, W. Thomas Lively, Moorman & Lively, Leitchfield, for appellee Bank of Virginia.

John E. McDonald, Jr., McDonald & Crump, Richmond, Va., for appellee Fee-Owners.

Charles W. Dobbins, Louisville, for appellee P. N. Corp.

Daniel M. Herscher, Beverly Hills, Cal., for appellee E.I.C., Inc.

William L. Montague, Lexington, for appellee the Lincoln Sav. Bank.

David L. Van Zant, Huddleston, Van Zant & Coyle, Elizabethtown, for appellee Scott & Fetzer Co.

Before GUDGEL, WHITE, and WINTERSHEIMER, JJ.

GUDGEL, Judge.

This is an appeal from a post-judgment order of the Grayson Circuit Court dated August 7, 1978, imposing sanctions upon appellant E.I.C., Inc. The judgment which gave rise to the order appealed from was entered April 10, 1978, and is the subject of a companion appeal before this court.

Counsel for appellee, The Lincoln Savings Bank, served upon appellant, E.I.C., Inc. a request for production of documents in California on June 6, 1978, and a notice to take the deposition of a representative of E.I.C. in California on June 7, 1978. These post-judgment discovery proceedings were designed to aid Lincoln's collection of the April 10 judgment.

On May 15, 1978, California counsel for E.I.C. wrote counsel for Lincoln a letter explaining that the discovery notices of Lincoln scheduled for June 6th and June 7th would not be honored due to a conflict in scheduling of the E.I.C. officer to be produced for the deposition. Counsel for Lincoln responded by letter dated May 26th and refused to postpone the deposition. Apparently, additional communications by phone ensued and finally, counsel for Lincoln wrote a letter to E.I.C.'s Louisville counsel dated June 2, 1978, in which he indicated that he would not make the trip to California, but instead, would file a motion pursuant to Civil Rule 37.01 for an order compelling discovery. This motion was noticed for hearing on June 16, 1978.

Prior to this date, according to the affidavit of Lincoln's counsel, E.I.C.'s Louisville counsel telephoned and agreed that E.I.C. would not oppose the motion for an order compelling discovery if Lincoln would agree

to dates acceptable to E.I.C. Counsel for Lincoln indicated that he would draw an order specifying July 24, 1978, as the date to inspect documents and July 25, 1978, as the date for the deposition. Louisville counsel for E.I.C. agreed to these dates. Counsel for Lincoln appeared before the Grayson Circuit Court on June 16, 1978, and tendered the order. No one appeared to object to the motion and the court signed and entered the order.

On June 30, 1978, California counsel for E.I.C. wrote a letter to the company which maintained the records of E.I.C., requesting that it review the request for production of documents and advise him prior to July 24th what documents the company had and what would be involved in producing them. On or about July 19th an officer of E.I.C. contacted the company having custody of its records and learned that the person employed by the company to handle E.I.C.'s account had been on vacation and no one had acted upon the letter of California counsel dated June 30, 1978.

On Thursday, July 20th, Louisville counsel for E.I.C. telephoned Lincoln's counsel and advised him that the documents could not be produced on Monday, July 24th. He suggested that the parties agree to reschedule the dates. Counsel for Lincoln refused. Counsel for E.I.C. then indicated that he intended to file a motion to reschedule the discovery prior to the departure of Lincoln's counsel for California. The motion was received by Lincoln's counsel Friday, July 21st. After receipt of the motion, which was noticed for hearing on August 7, 1978, Lincoln's counsel elected to fly to California.

On Monday, July 24th, E.I.C.'s president, accompanied by counsel, appeared at the designated time and place in California, but did not produce any documents as required by the order compelling discovery. At this meeting counsel for Lincoln was told by counsel for E.I.C. that E.I.C. was taking the position that the Grayson Circuit Court lacked jurisdiction to compel discovery. E.I.C.'s counsel further advised the president of E.I.C. not to appear to give his deposition the next day, July 25th. It should also be noted that at the July 24th meeting counsel for Lincoln was offered the opportunity to take the deposition of E.I.C.'s president, but since no court reporter was present, counsel for Lincoln did not. The next day at the designated time and place counsel for Lincoln appeared with a court reporter, but no one appeared on behalf of E.I.C.

On August 7, 1978, the court, after hearing argument, entered an order directing E.I.C. to pay all expenses of counsel for Lincoln in connection with the trip to California. These expenses were to include attorney's fees in the amount of seventy-five dollars ($75) per hour for sixteen (16) hours per day for two days, plus any other travel expenses. After entry of the order of August 7th, E.I.C. filed a motion to set aside or amend that order which was overruled September 1, 1978. This appeal followed.

At the outset we note that E.I.C. did not make a motion, pursuant to CR 26.03, for a protective order nor did they appeal the order of June 16, 1978, compelling discovery. Thus, E.I.C.'s posture before this court is limited to a review of the propriety of the trial court's order of August 7, 1978, awarding counsel for Lincoln expenses and attorney's fees. The order appealed from does not state the rule relied on by the trial court to award expenses and attorney's fees, but it would appear the order was entered pursuant to CR 37.02(3).[1] This rule provides for payment of reasonable expenses, including attorney's fees, as an adjunct of the court's power to impose sanctions under CR 37.02(2), when a party fails to obey an order compelling discovery. In fact, this sanction was probably the only option available to the court, since there

1. CR 37.02(3) provides: "In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

was a failure to comply with an order compelling discovery subsequent to entry of a judgment, and the court did not find E.I.C. guilty of contempt. See CR 37.02(2).

Two issues are presented on this appeal: (1) Is the award of expenses including reasonable attorney's fees for failure to obey an order compelling discovery mandatory; and if not, (2) did the trial court abuse its discretion when it awarded expenses and attorney's fees to Lincoln's counsel.

### I

The parties cite us to no cases dealing specifically with failure to comply with an order compelling discovery entered subsequent to a judgment. The reported cases deal with failures which have occurred prior to entry of a judgment.

We note in reviewing the language of CR 37.02(3) that it states, "in lieu of" or "in addition to" the sanctions provided by CR 37.02(2), the court "shall" require the party failing to obey an order compelling discovery to pay reasonable expenses including attorney's fees "unless" the failure is "substantially justified" or the award would be "unjust". One authority, discussing the identical Federal Rule, FRCP 37(b), states:

> The rule now makes the award mandatory, regardless of what other sanctions may be imposed, unless the delinquent party shows substantial justification for his failure or other circumstances making an award unjust.

8 Wright and Miller, *Federal Practice and Procedure* § 2289 (1970).

■ It appears to us that although the rule, by use of the word "shall," appears to mandate an award of reasonable expenses including attorney's fees for failure to comply with an order compelling discovery, the addition of the language in the rule that "unless . . . the failure was substantially justified or . . . unjust," precludes the award of expenses and attorney's fees where there is a showing the award would be unjust or the failure to comply is substantially justified.

■ In other words, we believe the language used in the rule is intended to shift the burden to the party who has failed to comply with an order compelling discovery, and requires that party to establish to the satisfaction of the trial court that the failure was substantially justified or that an award of expenses would be unjust. Accordingly, we hold that the award of expenses and attorney's fees pursuant to CR 37.02(3) is within the sound discretion of the trial court.

### II

■ Since the award of expenses and attorney's fees, pursuant to CR 37.02(3), is not mandatory, we are limited in our review of the order appealed from, to a determination of whether or not the trial court abused its discretion. *Nowicke v. Central Bank & Trust Co.*, Ky.App., 551 S.W.2d 809 (1977). Since Lincoln offered no evidence to the contrary, we must accept as true E.I.C.'s assertions as to why it did not comply with the order. *Nowicke, supra.* We are not unmindful that we are dealing with post-judgment discovery proceedings and a strong judicial policy that a court has the inherent authority to enforce its own judgment and remove any obstructions to such enforcement. *Akers v. Stephenson*, Ky., 469 S.W.2d 704 (1970).

The trial court heard the matter upon motion, and was not required to, and did not make, specific findings of fact. 7 W. Clay, *Kentucky Practice*, CR 52.01, (3rd ed. 1974). Although the record is silent, we believe the court must have concluded that the award of expenses and attorney's fees was proper because E.I.C.'s failure to comply with the order demonstrated a lack of good faith. We disagree and reverse.

Two weeks after entry of the trial court's order of June 16, E.I.C.'s California counsel wrote a letter to a company which maintains its records requesting that the documents sought by Lincoln be produced. That attorney then left for vacation, and when the time drew near for the discovery to take place, an officer of the company inquired about the records, only to learn

that the person charged with their custody was also on vacation and the records would not be available on the date ordered by the court. Lincoln argues that it is inconceivable that a company would not have custody of its own records, but there is nothing in the record to disprove this assertion.

■ In any event, as soon as E.I.C. learned the records would not be available for inspection, its Louisville counsel called Lincoln's counsel, explained the difficulty relative to producing the documents, and asked that the discovery proceedings be rescheduled. With knowledge of these facts, Lincoln's counsel refused to agree to reschedule and proceeded to fly to California, knowing at the time he left Kentucky the records would not be produced and that a motion to reschedule had been filed with the court. E.I.C.'s president and counsel appeared at the time and place ordered and agreed that the deposition of E.I.C.'s president could be taken that day. Counsel for Lincoln had not provided a court reporter, refused to attempt to provide one, and insisted that he would not take the deposition until the next day at the scheduled time. At that point, counsel for E.I.C. questioned the court's jurisdiction to compel discovery and advised his client not to appear.[2]

■ The trial court was not faced with a situation where compliance with its order compelling discovery was flatly refused. At each stage of Lincoln's efforts, E.I.C. offered justification for a delay. However, even if the court below believed E.I.C.'s excuses for delay were motivated by bad faith, the award of expenses and attorney's fees was still not justified because Lincoln's counsel incurred the expenses and made the trip to California knowing his efforts would prove fruitless. Viewed in this light, we conclude the trial court's order of August 7th, awarding attorney's fees and expenses to Lincoln's counsel, was unjust and an abuse of the court's discretion.

■ We do not intend that this opinion be construed as condoning additional unjustified delays of the discovery Lincoln seeks. Further, any expenses and attorney's fees necessary to obtain that discovery could properly be awarded in subsequent proceedings before the court. CR 37. If the trial court's orders subsequent to this appeal are ignored without justification then, of course, a denial of additional access to the courts of this state would be proper. *National Union of Marine Cooks and Stewards v. Arnold*, 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954).

The order appealed from is vacated and this cause remanded for further proceedings consistent with this opinion.

All concur.

---

**2.** Obviously there can be no question the Grayson Circuit Court had jurisdiction to enter an order compelling discovery. E.I.C. voluntarily submitted to the jurisdiction of the court when the action was filed, sought relief from the court, and made no objection to the court's exercise of jurisdiction through entry of a judgment. It cannot now seek to deprive the court of the same jurisdiction it asked the court to invoke. *Duncan v. O'Nan*, Ky., 451 S.W.2d 626 (1970).