**Dewey GREATHOUSE, Appellant,**

v.

**AMERICAN NATIONAL BANK AND TRUST COMPANY, Appellee.**

No. 88–CA–1779–MR.

Court of Appeals of Kentucky.

Oct. 12, 1990.

H. Jefferson Herbert, Jr., Betty Reece Herbert, Herbert & Herbert, Glasgow, Robert D. Simmons, Bowling Green, for appellant.

Elizabeth Y. Downing, Darell R. Pierce, Cole, Broderick, Minton, Moore & Thornton, Bowling Green, for appellee.

Before DYCHE, HAYES and WILHOIT, JJ.

DYCHE, Judge.

Dewey Greathouse appeals from a default judgment in the amount of $140,000.00 (plus interest and costs) granted by the Warren Circuit Court in favor of American National Bank & Trust Company ["Bank"]. The judgment was granted after the trial court, pursuant to CR 37.02(2)(c), struck appellant's answer and counterclaim from the record. On appeal, we are asked to rule that the trial court's action was an abuse of discretion.

Appellee's complaint on a promissory note was filed on September 23, 1987; appellant was personally served with a civil summons (CR 4.02) and a copy of the complaint on the same day. No answer or other pleading was filed or served upon appellee's counsel within twenty days (CR 4.02), and on October 14, 1987, the Bank moved the court for a default judgment (CR 55.01). A motion to dismiss, answer and counterclaim was filed one day later by appellant; the court approved the filing of same, and denied appellee's motion on October 16, 1987.

Appellant gave his discovery deposition (CR 26.01, 30.01 *et seq.*) on November 9, 1987, and on January 21, 1988, an officer of another bank, with which appellant apparently had a business relationship, was deposed. On or about January 22, 1988, the Bank served upon appellant's counsel [1] interrogatories (CR 26.01, 33.01 *et seq.*) and a request for production of documents (CR 26.01, 34.01 *et seq.*). No response was made by appellant to these discovery efforts, and on February 29, 1988, the Bank moved the court to compel discovery from appellant (CR 37.01).

On April 4, 1988, the court ordered that appellant answer the interrogatories and produce the documents within thirty days; appellee's request for its expenses and attorney fees for bringing the motion was denied. The action was assigned for trial on October 20, 1988.

Again, no response was forthcoming from appellant, and on May 4, 1988, the Bank moved the court for an order holding appellant in contempt of court for failing to comply with the April 4 order (CR 37.02). This motion was set for hearing on June 20, 1988.

On that date a short hearing was held, during which counsel for appellant agreed to "voluntarily nonsuit" the counterclaim filed against the Bank, and offered, as the only explanation for the failure to comply with the April 4 order, that "Mr. Greathouse's memory is different now than it was when the suit was filed." At the conclusion of the hearing the trial court indicated that, due to the appellant's inaction during the entire course of this litigation, CR 37.02(2) sanctions were in order. Rather than finding the appellant to be in contempt, as requested by appellee, the trial court ordered appellant's answer and counterclaim stricken and directed counsel for appellee to tender a default judgment against appellant, which was entered by the court the next day. This appeal followed.

We will first examine the propriety of the default judgment itself. It is unquestioned in these circumstances that the

1. Not the same attorney as represents him on appeal.

standard of review on appeal of same is whether it was an abuse of discretion by the trial judge. *Nowicke v. Central Bank & Trust Co.,* Ky.App., 551 S.W.2d 809 (1977). *See also Natural Resources and Environmental Protection Cabinet v. Williams,* Ky., 768 S.W.2d 47 (1989).

This discretion, however, is not unbridled, but must rest upon a finding of willfulness or bad faith on behalf of the party to be sanctioned. *Nowicke, supra,* at 810. Such behavior has also been characterized as possessing "a consciousness and intentional failure to comply with the provisions [of the Civil Rules.]"

■ We are aware of the deference due the trial court's findings. CR 52.01. In this case, however, we have no such findings, and are unable to discern the precise reason for imposition of the ultimate sanction upon appellant; we must therefore vacate the judgment and remand for findings by the trial court. The preferred course of conduct would be for the trial court's dismissal under these circumstances to be "accompanied by some articulation on the record of the court's resolution of the factual, legal, and discretionary issues presented." *Quality Prefabrication, Inc. v. Daniel J. Keating Company,* 675 F.2d 77, 81 (3d Cir.1982). This should not be overly burdensome to the trial court, and will assist in meaningful appellate review. *See* CR 52.01.

> The reasons for desiring some articulation of the bases for decision have special importance in this context. When such a severe sanction is imposed, values of consistency and predictability, reviewability, and deterrence, outweigh the values of economy and efficiency that may be promoted by allowing inarticulate decisions.

*Quality Prefabrication, supra,* at 81 (citation omitted).

Then, if appealed, the trial court's decision may more intelligently be examined.

> Among the factors to be considered in reviewing the imposition of sanctions for an abuse of discretion, the appellate

court should consider: (1) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery, (2) whether the dismissed party was warned that failure to cooperate could lead to dismissal, and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Taylor v. Medtronics, Inc.,* 861 F.2d 980, 986 (6th Cir.1988) (citation omitted). It has also been stated that "if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion." *Regional Refuse Systems, Inc. v. Inland Reclamation Co.,* 842 F.2d 150, 154 (6th Cir.1988).

As we are vacating the default judgment herein, the appellant's second assignment of error, lack of notice prior to entry of the default judgment, becomes moot.

The judgment of the Warren Circuit Court is vacated, and this matter is remanded for proceedings not inconsistent with this opinion.

All concur.