RENDERED: OCTOBER 9, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-0427-ME
AND
NO. 2018-CA-0776-ME

AHMAD M. QASEM                                APPELLANT

             APPEAL FROM PULASKI CIRCUIT COURT
                 FAMILY COURT DIVISION
v.          HONORABLE MARCUS L. VANOVER, JUDGE
                 ACTION NO. 14-CI-01043

TINA A. QASEM                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Ahmad M. Qasem brings Appeal No. 2018-CA-0427-ME

from a February 12, 2018, Findings of Fact, Conclusions of Law, and Decree of

Dissolution and brings Appeal No. 2018-CA-0776-ME from an April 25, 2018,

Order on Remaining Issues from Bifurcated Divorce entered in the Pulaski Circuit Court, Family Court Division (family court). We affirm.

## I. BACKGROUND

Ahmad M. Qasem and Tina A. Qasem were married on July 25, 1994, in Amman, Hashemite Kingdom of Jordan (Jordan). Five daughters were born of the parties' marriage.[1] Ahmad initiated this action in the family court on November 4, 2014, by filing a Petition to Recognize Foreign Divorce and Establish Custody of Minor Children or in the Alternative for Dissolution of Marriage.

During the parties' approximate twenty-year marriage, they owned and operated several businesses, including a convenience store, used car lots, rental property, and a hair salon. The parties also owned several pieces of real property both in Jordan and in Kentucky. The parties had accumulated a marital estate of approximately four million dollars.

Following Ahmad's filing of the November 4, 2014, petition, protracted litigation ensued. For the next three and one-half years, Ahmad engaged in a pattern of recalcitrant conduct intended to conceal income and assets so as to deprive Tina of her portion of the marital estate. Ahmad repeatedly refused to produce discovery pursuant to Tina's requests and in violation of the family court's order.

---

[1] Before entry of the decree of dissolution of marriage, Ahmad M. Qasem and Tina A. Qasem's two oldest daughters were emancipated.

On March 17, 2017, the family court entered Findings and Order in regard to various discovery issues that were then pending before the court. The family court conducted a final hearing in the case on July 11, 13, and 18, 2017.

By Findings of Fact, Conclusions of Law, and Decree of Dissolution entered on February 12, 2018, the family court refused to recognize the Jordanian divorce. Instead, the family court entered a bifurcated decree that dissolved the parties' marriage and awarded Tina sole custody of the parties' minor children. The family court reserved ruling on issues of child support and division of marital property.

On April 25, 2018, the family court rendered an Order on Remaining Issues from Bifurcated Divorce that directed Ahmad to pay child support of $2,786.98 per month and to pay $1,198,736 to Tina as her share of the parties' marital estate. These appeals follow.[2]

Ahmad's first argument on appeal asserts that the family court erred by imposing sanctions upon him pursuant to Kentucky Rules of Civil Procedure (CR) 37.02 for failure to comply with the court's January 27, 2017, order to produce discovery. Ahmad claims the sanctions imposed by the family court led to an erroneous distribution of marital assets.

_____

[2] On March 7, 2018, Ahmad filed a notice of appeal (Appeal No. 2018-CA-0427-ME) from the February 12, 2018, decree. And, on May 15, 2018, Ahmad filed a notice of appeal (Appeal No. 2018-CA-0776-ME) from the April 25, 2018, order. Appeal Nos. 2018-CA-0427-ME and 2018-CA-0776-ME were consolidated in this Court by order entered October 29, 2018.

The procedural facts relevant to the discovery issues are as follows. Two years after Ahmad initiated the action, Tina served discovery requests on November 2, 2016. In response, Ahmad filed a motion for a protective order. Then, on November 30, 2016, the parties appeared before the family court, and Ahmad requested an extension of the December 2, 2016, discovery deadline. The parties verbally agreed to extend the deadline until January 2, 2017. On January 6, 2017, Ahmad filed a second motion to extend the discovery deadline. Then, on January 13, 2017, without producing the requested discovery, Ahmad's counsel withdrew his motion to extend the discovery deadline.

On January 17, 2017, Tina filed a motion to compel Ahmad's compliance with her outstanding discovery requests. On January 26, 2017, Ahmad filed yet another motion to extend the discovery deadline and a motion for contempt against Tina. On January 27, 2017, Tina's motion to compel was heard by the family court. Counsel was present for Ahmad.[3] By order entered January 27, 2017, the family court ordered that sanctions would be imposed if Ahmad did not complete discovery by March 1, 2017. The family court set a review of the discovery matter for March 1, 2017. Then, on February 10, 2017, in open court,

---

[3] Counsel for Ahmad filed a motion to withdraw on January 25, 2017. At the hearing on January 27, 2017, counsel appeared and asked that the motion to withdraw be passed. Counsel then participated in argument on pending motions, including the discovery motion filed by Tina. Ahmad's counsel then appeared at a hearing on February 10, 2017, requesting again to withdraw as counsel for Ahmad, which was granted. The court noted that all pending hearing dates would remain in effect.

counsel for Ahmad withdrew his pending motions, including a request for an extension of the discovery deadline and motion for contempt against Tina. Ahmad's counsel was also permitted to withdraw at this hearing.[4] As of that date, Ahmad's three motions to extend the discovery deadlines were withdrawn, and Ahmad never filed an objection to any specific discovery requests.

On March 1, 2017, Ahmad appeared *pro se* before the family court with some documents that had not been sorted or categorized in any manner and were effectively nonresponsive to the discovery requests. Ahmad also failed to produce any responses to Tina's written interrogatories. By order entered March 17, 2017, the family court found that Ahmad's "jumble of unorganized documents, . . . was not sufficient to comply with [Tina's] discovery request." March 17, 2017, order at 17. The March 17, 2017, order also granted Tina's request for CR 37 sanctions. As a sanction for Ahmad's noncompliance,[5] the family court held that certain facts alleged by Tina "shall be designated as facts for purposes of future proceedings." March 17, 2017, order at 5. The designated facts included,

---

[4] During the period of November 16, 2016, through the conclusion of the final hearing on July 18, 2017, Ahmad utilized the services of three different attorneys.

[5] Ahmad's refusal to cooperate with the Pulaski Circuit Court, Family Court Division, (family court) was not limited to discovery issues. One example of Ahmad's behavior involved the sale of a rental property. Ahmad presented a motion for sale of a rental property, and the family court so ordered. Thereafter, Ahmad refused to sign the contract with the realtor, so the issue had to be brought before the court again. The family court entered a second order for sale of the property. Ultimately, Tina had to file a motion requesting that the master commissioner sign the contract with the realtor because Ahmad still refused to sign it. This is just one of many examples of Ahmad's recalcitrant behavior during the dissolution proceedings.

among other things, the value of various parcels of real property owned by the parties, the value of the marital residence, income produced by the parties' various businesses, Ahmad's yearly income, and the value of certain personal property. The order also precluded Ahmad from presenting evidence to dispute the designated facts.

## II. ANALYSIS

In Kentucky, it is well-established that a trial court has broad discretion in addressing the violation of a discovery order. *Turner v. Andrew*, 413 S.W.3d 272, 279 (Ky. 2013). This Court reviews a trial court's imposition of sanctions for an abuse of discretion. *Id.* at 279. An abuse of discretion occurs where the trial court's decision is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Meyers v. Petrie*, 233 S.W.3d 212, 215 (Ky. App. 2007) (citation omitted).

Permissible sanctions for violation of a trial court's discovery order are set forth in CR 37.02, which is entitled "Failure to comply with order." CR 37.02(2) provides, in relevant part, as follows:

> (2) Sanctions by court in which action is pending.
>
> If a party . . . fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 [Motion for order compelling discovery] or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(b) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

When a party does not obey a court's order to produce discovery, CR 37.02(2) provides that the court may accept designated facts as established for the party obtaining the order, prohibit the disobedient party from supporting or opposing designated claims or defenses, and strike pleadings of the disobedient party. CR 37.02(2); s*ee also R.T. Vanderbilt Co., Inc. v. Franklin*, 290 S.W.3d 654, 661 (Ky. App. 2009). In determining whether the sanction is appropriate, the court may consider the following factors: (1) whether the noncompliance was willful or in bad faith; (2) whether the other party was prejudiced by the noncompliance; (3) whether the disobedient party was warned that failing to cooperate could lead to dismissal; (4) whether less drastic sanctions were imposed or considered; and (5) whether the sanctions imposed bear a reasonable

relationship to the seriousness of the noncompliance. *Id.* at 662. We will address the above *Franklin* factors *seriatim. Id.*

Relevant to the first *Franklin* factor, Ahmad's recalcitrant conduct in refusing to respond to the discovery requests was certainly by design and willful. After three extensions of the discovery deadline over a four-month period, Ahmad appeared *pro se* before the court on March 1, 2017, with numerous unorganized documents and without any written responses to Tina's request for answer to interrogatories. Ahmad blamed his noncompliance on the fact that his counsel had withdrawn on February 10, 2017. However, Ahmad had been given four months to comply with the discovery requests. And, Ahmad demonstrated this same willful noncompliance in other aspects of the proceedings including with custody and visitation issues, as well as dealings with his various attorneys.[6] The family court's findings reflect Ahmad's repeated failure to comply with the court's discovery order. Also, we must emphasize that at no time did Ahmad or his counsel object to the requested discovery or seek a protective order. Therefore, we

---

[6] For example, at the hearing on February 10, 2017, attorney Kirk Correll, in support of his motion to withdraw as Ahmad's counsel, stated the following:

> We find communication with our client to be impossible. He will not respond to our correspondence or phone calls. We are in process of completing discovery and cannot get cooperation.

Similarly, on June 5, 2017, attorney Alison Hunley, who succeeded Correll, stated in her motion to withdraw that "she and [Ahmad] are unable to reach a common ground in regard to the matter pending."

believe the record reflects that Ahmad's conduct in refusing to turn over discovery was willful and in bad faith.

Regarding the second *Franklin* factor, Tina was certainly prejudiced by Ahmad's refusal to comply with the court's discovery order. Considering that the marital estate had a value of approximately four million dollars and that Ahmad had possession or control of most of the documents relevant to the marital property, Tina was clearly prejudiced by Ahmad's refusal to comply with court orders directing him to produce same to Tina's counsel.

Relevant to the third *Franklin* factor, the family court clearly warned Ahmad at the January 27, 2017, hearing that his failure to comply with the discovery deadline would result in sanctions. Tina's counsel even specifically enumerated at the hearing the sanctions that were being requested if Ahmad again failed or refused to comply with the discovery requests.

As to the fourth *Franklin* factor, less drastic sanctions were not only considered but were actually employed. Ahmad's failure to comply was initially met with verbal warnings from the court and extensions of the discovery deadlines. Then, on January 27, 2017, the family court warned Ahmed in open court that continued noncompliance would lead to sanctions. So, less drastic sanctions were attempted but to no avail; Ahmad still refused to comply.

Finally, as to the fifth *Franklin* factor, the sanctions imposed by the family court do bear a reasonable relationship to the seriousness of Ahmad's noncompliance. Ahmad was proceeding with a sizeable advantage over Tina by possessing the documents and other information relevant to the value of the marital estate and his numerous sources of income. By refusing to comply with Tina's discovery requests, Ahmad attempted to prevent Tina from proving the value of the marital estate and ultimately hinder her in receiving her share of the marital property, as well as the appropriate amount for child support. Thus, the sanction imposed did bear a reasonable relationship to the seriousness of the noncompliance.

After reviewing the record, the events as outlined above, and the five factors set forth in *Franklin*, 290 S.W.3d at 662, we cannot conclude that the family court abused its discretion by imposing CR 37 sanctions upon Ahmad. Ahmad blatantly disregarded the discovery requests and the family court's discovery order and employed various tactics to conceal assets and income thereby precluding Tina from obtaining relevant evidence concerning the value of the marital estate. Application of the *Franklin* factors clearly demonstrates that the sanctions imposed were commensurate with Ahmad's recalcitrant conduct. *See Franklin*, 290 S.W.3d at 662. As such, we view Ahmad's contention that the family court erred by imposing sanctions pursuant to CR 37 to be without merit.

Ahmad also asserts that he was entitled to an evidentiary hearing on the CR 37 sanctions which he argues resulted in the court's findings not being supported by substantial evidence in the record. He further argues that the failure to conduct an evidentiary hearing violated his due process rights. Based on our review of the record on appeal, this argument is without merit.

A hearing on the pending discovery motion was heard on January 27, 2017. Ahmad was represented by counsel. At that hearing, the family court emphatically ordered that all discovery must be completed by March 1, where a status conference would be held or sanctions would be imposed. Ahmad's counsel was granted leave to withdraw at the hearing on February 10, 2017. At the hearing on March 1, 2017, Ahmad appeared without counsel, and failed to provide the requested discovery. The court noted again that at no time since November 2, 2016, had Ahmad or his counsel filed an objection to the requested discovery. Likewise, Ahmad had not sought a protective order as provided by CR 26.03. *See* CR 37.04(2).

The family court then entered its Findings and Order on the discovery issues on March 17, 2017. On March 24, 2017, Alison Hunley entered her appearance as counsel for Ahmad. On the same date, she filed a motion to alter, amend, or vacate the March 17, 2017, order. That motion was considered by the family court at a hearing on March 31, 2017, where a lengthy argument was heard

by the court regarding the discovery sanctions. The family court emphasized the court's careful and methodical review of the entire record in granting sanctions. By order entered May 31, 2017, the court denied Ahmad's motion to alter, amend, or vacate in part and granted the motion as concerned a finding regarding certain criminal charges against Ahmad that had been dismissed. Finally, the court conducted a trial on all pending divorce issues on July 11, 13, and 18, 2017, where many of the discovery rulings were addressed again by the family court during this hearing.

Based on our review of CR 37 and applicable case law, we find no requirement that a court conduct a full blown evidentiary hearing to award sanctions against a party. The issues raised under CR 37 look to discovery or procedural problems in the case rather than issues of proof that address the merits of the case. For purposes of appellate review, at minimum, the court below must articulate on the record the court's resolution of the discovery dispute and any discretionary issues associated therewith. *Greathouse v. Am. Nat'l Bank & Trust Co.*, 796 S.W.2d 868, 870 (Ky. App. 1990). Our review of the record reflects that the family court addressed the discovery problem in open court on at least three occasions, if not more. And, more importantly, the family court articulated almost seventeen pages of findings to support discovery sanctions. The record clearly reflects that Ahmad willfully failed to cooperate in the discovery process which

warrants more severe sanctions under CR 37. *See Nowicke v. Cent. Bank & Trust Co.*, 551 S.W.2d 809, 810 (Ky. App. 1977).

The record also reflects that the family court carefully reviewed the entire record and Ahmad's willful conduct in failing to respond to the discovery requests. As previously discussed, the family court has broad discretion in addressing a violation of its discovery order and an appellate court will not overturn such an order absent an abuse of discretion. *Turner*, 413 S.W.3d at 279. We find no such abuse of discretion nor do we find that Ahmad's due process protections have been violated, given his willful disregard of discovery rules in this case. *See Nowicke*, 551 S.W.2d 809. We must also emphasize that the civil rules set out a pattern of conduct for the litigants and their proper application is left to sound discretion of a trial judge, which this Court must respect. *Naive v. Jones*, 353 S.W.2d 365, 367 (Ky. 1961).

Ahmad's final argument on appeal alleges the family court erred in the calculation of Ahmad's child support. The gist of Ahmad's argument is not the actual calculation of the support amount. Rather, he argues that due to the sanctions imposed by the family court, his income for child support purposes was based upon the information Tina supplied regarding his income, which he disputes. As we have concluded that the sanctions imposed upon Ahmad under CR 37 were proper, we also must conclude that the family court's award of child support based

-13-

upon facts regarding Ahmad's income presented by Tina was not an abuse of discretion. Thus, Ahmad's argument regarding the determination of his income for child support purposes is without merit.

For the foregoing reasons, the final orders of the Pulaski Circuit Court, Family Court Division, on appeal to this Court are affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Patrick F. Barsotti
Danville, Kentucky

BRIEF FOR APPELLEE:

Jennifer Thomas
Somerset, Kentucky