RENDERED: JULY 14, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0810-MR

APPLIED BEHAVIORAL
ADVANCEMENTS, LLC AND
CHRISTOPHER GEORGE                                                        APPELLANTS

v.                 APPEAL FROM JEFFERSON CIRCUIT COURT
                   HONORABLE BRIAN C. EDWARDS, JUDGE
                          ACTION NO. 17-CI-006418

JENNIFER MICK                                                               APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND KAREM, JUDGES.

COMBS, JUDGE: Applied Behavioral Advancements, LLC, ("Applied

Behavioral") and Christopher George, its owner and chief executive officer, bring

this appeal from the judgment of the Jefferson Circuit Court entered in favor of

Jennifer Mick on June 15, 2022. After our review, we affirm.

From August 2013 through November 2017, Jennifer Mick, a board-certified behavior analyst, worked as an independent contractor providing services to Medicaid participants screened by Applied Behavioral. Based upon documentation that Mick provided to Applied Behavioral, the company billed the federal Medicaid program for her services. Applied Behavioral typically shared the reimbursement proceeds with Mick within two weeks of receipt. The terms of the parties' contract required Mick to submit a Functional Behavioral Assessment Report before she was compensated for her preparation of a Functional Behavioral Assessment. The contract required Mick to submit a Behavioral Support Plan before she was compensated for her work on Behavioral Support Plan Development.

In October 2017, according to Applied Behavioral and George, an employee overseeing Applied Behavioral's billing raised concerns to George about potentially excessive time that Mick billed to work on a Behavior Support Plan and "other suspicious practices as well." In response, the company requested that Mick provide a number of missing Behavior Support Plans (as required by the terms of her contract) and other materials. Services related to these Behavior Support Plans had already been billed and paid. When Mick failed to provide all of the material sought, Applied Behavioral terminated her contract by email on November 20, 2017. It then reported its concerns to the Kentucky Applied Behavior Analyst

Licensing Board; Kentucky Department of Behavioral Health, Developmental and Intellectual Disabilities; Kentucky's Attorney General, Office of Medicaid Fraud & Abuse; Cabinet for Health and Family Services, Department for Medicaid Services; and the Cabinet's Office of the Inspector General. Applied Behavioral did not share with Mick reimbursement received for Behavioral Support Plan Development related to the Behavioral Support Plans that she had failed to submit. However, a formal investigation revealed that paperwork submitted by Mick met the requirements of pertinent administrative regulations. Ultimately, Mick was cleared of any wrongdoing.

On December 1, 2017, Mick filed a civil action in Jefferson Circuit Court. She alleged that George published patently false and misleading information about her to clients, colleagues, and potential employers. She also asserted claims premised upon tortious interference with business advantage; tortious interference with contract; breach of contract; conversion; and intentional infliction of emotional distress. She sought compensatory and punitive damages.

George and Applied Behavioral answered and denied the allegations. They also asserted counterclaims alleging breach of contract, abuse of process, and malicious prosecution. A period of pre-trial practice and discovery began.

By order entered on May 31, 2022, the Jefferson Circuit Court granted Mick's motion for summary judgment with respect to the claim of breach of

contract asserted against her by George and Applied Behavioral. It granted summary judgment in favor of George and Applied Behavioral with respect to Mick's claim of tortious interference with contract.

George and Applied Behavioral filed a motion to strike Mick's defamation claim based on an alleged violation of the court's discovery order. They contended that Mick failed to provide relevant metadata from her computer. However, they were adamant that they did not want a continuance with respect to that material. The court denied their motion to strike the claim as a sanction against Mick.

The case was tried to a jury over the course of four days in June 2022. At the close of Mick's proof, Applied Behavioral moved for a directed verdict regarding her claims of breach of contract; conversion; defamation; and tortious interference with a business advantage. In response, the trial court dismissed the tortious interference claim. After Applied Behavioral and George presented their proof, Mick filed a motion for directed verdict on her conversion claim. Her motion was denied, and Applied Behavioral and George declared that they had no motions for the court to consider.

Following its deliberation, a unanimous jury found that George and Applied Behavioral had made defamatory statements concerning Mick. It also found unanimously that Applied Behavioral converted a portion of the Medicaid

reimbursement that it received for Mick's services and that it otherwise breached its contract with her. The jury rejected Mick's claim of extreme emotional distress. The jury was instructed to determine the compensatory damages that it believed that Mick suffered as a result of any of her claims (not to exceed $2,211,000). In response to that instruction, the jury awarded damages of $110,000. When asked to divide and apportion this sum among the causes of action, it awarded $25,000 from Applied Behavioral and $50,000 from George on the defamation claim. For Applied Behavioral's conversion of her compensation and its breach of her contract, the jury awarded $25,000 and $10,000, respectively. Finally, the jury found that the conduct of Applied Behavioral warranted punitive damages in the amount of $150,000 and that George's conduct warranted punitive damages in the sum of $300,000. The trial court's judgment was entered on June 15, 2022.

On July 2, 2022, George and Applied Behavioral filed an appeal. In their notice of appeal, they designated only the trial court's judgment of June 15, 2022, for our review.

On appeal, Applied Behavioral and George contend that this Court should reverse the judgment as it relates to the Mick's claims of defamation, conversion, and breach of contract. They also challenge the damages awarded; the summary judgment entered in favor of Mick with respect to the breach of contract

claim they asserted against her; and the court's order related to the alleged discovery violation. We address these contentions as follows.

First, with respect to the judgment rendered on the defamation counts, Applied Behavioral and George argue that the trial court erred by failing to instruct the jury concerning absolute privilege. They contend that the issue is preserved for our review by language included in the proposed jury instructions that they tendered to the court. Included in the proposed instruction related to Applied Behavioral is the following statement:

> Under the law, truth is a total and complete defense to the claim of defamation and any statement made in a Court proceeding is privileged as to the claim of defamation. *Further, if [Applied Behavioral] had a statutory duty to report an expected (sic) act of fraud, it is privileged under the law, which is a total and complete defense.*
>
> You may find [Applied Behavioral] liable on this claim only if you believe from the evidence that:
>
> (a) Applied Behavioral] in the presence of another person or persons, made a statement that was reasonably understood by such other person or persons to mean that [Mick] committed fraud;
>
> (b) The statements made would tend to expose [Mick] to public hatred, contempt, ridicule, or disgrace, or induce an evil opinion of her in the community;
>
> (c) [Applied Behavioral's] statements were not true;

(d) [Applied Behavioral] did not exercise ordinary care to determine whether the statements were true; and

(e) As a direct result of such statements, [Mick's] reputation was damaged, and she suffered economic loss.

Proceed to Interrogatory No. _____

(Emphasis added.) The relevant proposed interrogatory asked, "[d]o you believe from the evidence that [Applied Behavioral] made defamatory statements as regards [Mick?]" In part, it directed, "If you answered 'Yes,' you must find for [Mick], on Verdict Form ___." The relevant proposed verdict form read, in part, as follows: "[w]e the jury find for [Mick] on her claim of defamation against [Applied Behavioral]." Finally, it provided, as follows:

We the jury award [Mick]:

(a) Damage to reputation; (not to exceed $     .00)

(b) Embarrassment, humiliation, and mental anguish (including any suffering that [Mick] is reasonably certain to endure in the future). (not to exceed $     .00)[.]

The same series of proposed instruction, interrogatory, and verdict form was tendered with respect to the defamation claim asserted against George.

According to George and Applied Behavioral, Mick's counsel explained to the jury during closing arguments that there were "many examples" of defamatory statements and specifically referenced George's report to government

agencies and his conversation with the executive director of a competing behavioral support provider. The trial court's instructions to the jury omitted any reference to absolute privilege as a complete defense to Mick's defamation claims.

George and Applied Behavioral argue that the reports to government agencies were absolutely privileged because they were made "pursuant to a duty to report suspected fraud." For the broad proposition that reports to government agencies are absolutely privileged, George and Applied Behavioral cite to the decision of the Supreme Court of Kentucky in *Hill v. Kentuckyy Lottery Corporation*, 327 S.W.3d 412 (Ky. 2010). In *Hill*, the Court agreed with the policy embodied in the *Restatement (Second) of Torts*, § 592A (1977) that "[o]ne who is required by law to publish defamatory matters is absolutely privileged to publish it." *Hill*, 327 S.W.3d at 424-25.

In order to bolster their proposition that Applied Behavioral had a statutory duty to report suspected fraud, George and Applied Behavioral cite to provisions of Kentucky Revised Statutes ("KRS") 319C.100(2) and KRS 319C.110(2). KRS 319C.100(2) provides that an *employer* of a licensee shall report to the Kentucky Applied Behavior Analysis Licensing Board a behavior analyst who is "suspected of . . . negligently performing actions that justify action against a [behavior analyst's license] as identified in KRS 319C.110(2)." The provisions of KRS 319C.110(2) identify the acts of a licensee that may be

considered cause for disciplinary action, including "engaging in fraud or material deception in the delivery of professional services, including reimbursement . . . ." However, neither George nor Applied Behavioral was an *employer* of a licensee. Consequently, these provisions are inapplicable, and neither was under a legal compulsion to report. Moreover, the existence of an absolute privilege is a question of law to be determined by a trial judge -- not by a jury. *Rogers v. Luttrell*, 144 S.W.3d 841 (Ky. App. 2004). The trial court did not err by failing to include an explanation of absolute privilege in its instructions to the jury.

Next, George and Applied Behavioral argue that the trial court erred by failing to instruct the jury on the elements of defamation. We disagree.

With the exception of omitting the explanation of absolute privilege, the trial court's instructions to the jury and its verdict form were nearly identical to the proposed instructions and verdict forms tendered by George and Applied Behavioral. In separate instructions, the trial court instructed the jury to find for Mick if satisfied by the evidence that:

> (a) In the presence of another person or persons, [Applied Behavioral] [George] made a statement that was reasonably understood by such other person or persons to mean that Jennifer Mick had committed fraud;

> (b) The statement made would tend to expose Jennifer Mick to public hatred, contempt, ridicule, or disgrace; or induce an evil opinion of her in the community;

-9-

(c) The statement was not true;

(d) [Applied Behavioral] did not exercise ordinary care to determine whether the statement was true or false;

(e) As a direct result of said statement, Jennifer Mick's reputation was damaged, and she suffered economic loss.

The separate verdict forms asked: "Do you believe from the evidence that [Applied Behavioral] [George] made defamatory statements as regards Jennifer Mick?" The court outlined the elements of defamation in precisely the manner requested by the appellants' counsel. Thus, there can be no reversible error.

Next, Applied Behavioral and George contend that the court erred by permitting the jury to assess different and separate damages against George and Applied Behavioral based upon identical allegations of wrongdoing. They argue that "Mick attempted to impose defamation liability upon both [Applied Behavioral] and George as a result of George's statements, which as a matter of law did not permit an award of separate damage amounts against each."

We are persuaded that George and Applied Behavioral invited the alleged error through the instructions, interrogatories, and verdict forms that they themselves tendered to the trial court. Moreover, they are not entitled to review under the plain error standard. While a properly preserved challenge to the contents of a court's instruction is subject to our *de novo* review, where a party

fails properly to preserve a challenge to jury instructions, the challenge is not entitled to appellate review. *Norton Healthcare, Inc. v. Disselkamp*, 600 S.W.3d 696 (Ky. 2020). We decline to address the alleged error further.

Next, Applied Behavioral argues that the judgment should be reversed with respect to the conversion and breach of contract claims. It contends that it was entitled to directed verdicts on both counts. In the alternative, it argues that the trial court's instructions were erroneous and that an award of damages for both conversion and breach of contract constitutes plain error.

Applied Behavioral states in its brief that it preserved its argument that the trial court erred by failing to direct a verdict in its favor. However, in contravention of the Rules of Appellate Procedure, it fails to identify in what manner the argument was preserved. Kentucky Rules of Appellate Procedure (RAP) 32. As summarized above, Applied Behavioral specifically declined to renew its motion for directed verdict following the close of all proof. Upon this basis, we conclude that Applied Behavioral insufficiently preserved the alleged error for review. *Bryan v. CorrectCare-Integrated Health, Inc.*, 420 S.W.3d 520 (Ky. App. 2013); s*ee also Ray v. Commonwealth*, 611 S.W.3d 250 (Ky. 2020).

We also reject the alternative contention that the trial court erred in its instructions to the jury with respect to the claim of conversion. Applied

-11-

Behavioral argues that the court's instructions were erroneous because the jury was not required to find that Mick established legal title to the converted sums.

Whether a jury instruction misrepresents the applicable law is purely a question of law that we review *de novo*. *Auslander Properties, LLC v. Nalley*, 558 S.W.3d 457 (Ky. 2018). Kentucky law encourages the use of bare-bones instructions. *Id.* The court's instructions must sufficiently advise the jury "what it [had to] believe from the evidence in order to return a verdict in favor of the party who [had] the burden of proof." *Office, Inc. v. Wilkey,* 173 S.W.3d 226, 229 (Ky. 2005). In this case, the court's instruction required the jury to find that Applied Behavioral was paid by Medicaid for Mick's services; that it retained the money; and that some or all of the money that it so retained belonged to Mick. The instructions reasonably explained the law; the court did not err by failing to require the jury to find specifically that Mick "established legal title."

Next, George and Applied Behavioral challenge the award of punitive damages. They contend that the court's instructions to the jury were erroneous because they permitted an award of punitive damages for breach of contract. Again, we conclude that the issue is insufficiently preserved for review.

While the appellants explain that their challenge to the punitive damages instruction was preserved during a specific bench conference, it is clear that this bench conference occurred only *after* the disputed instruction had been

-12-

read to the jury and upon the request of *Mick's* counsel concerning an entirely different instruction. Moreover, George and Applied Behavioral indicated to the court that the instructions had been "reviewed and agreed to" and that "if we're going to reopen" the instructions, then "technically" Mick cannot get punitive damages for breach of contract. Having expressed its satisfaction with the instructions that the trial court intended to give the jury, the issue is not now subject to a belated challenge. *See Jerome v. Commonwealth*, 653 S.W.3d 81 (Ky. 2022).

Next, George and Applied Behavioral contend that the trial court erred by granting summary judgment in favor of Mick with respect to their claim against her for breach of contract. A litigant's notice of appeal is the procedural mechanism by which our jurisdiction is invoked. *Johnson v. Smith*, 885 S.W.2d 944 (Ky. 1994). The notice must identify "the judgment, order, or part thereof appealed from." RAP 2(B). As noted above, the notice of appeal identified the court's judgment of June 15, 2022, for review; it did not reference the court's summary judgment of May 31, 2022. Consequently, we will not review this allegation of error.

Finally, with respect to the parties' discovery dispute, George and Applied Behavioral contend that the trial court abused its discretion by failing to sanction Mick for her failure to comply with its order of December 16, 2021. That

discovery order required Mick to "produce the computer file listing, file meta data, and the file itself" within thirty days. They explain that Mick's eventual production of 1500 pages of documents did not contain the material sought; that it violated the trial court's order of December 16; and that it formed the basis of their motion either to strike her defamation claim or, in the alternative, to find conclusively that Mick did not create the disputed documents while she worked with George and Applied Behavioral -- but that she manufactured them only later.

The trial court's authority to impose sanctions for failure of a party to comply with discovery is found in Kentucky Rules of Civil Procedure ("CR") 37.02. The rule provides a myriad of alternative sanctions. Our discovery rules are designed to promote efficiency, order, and expediency within the judicial system, and the sanction for their violation is within the discretion of the trial court subject to the restriction that CR 37.02 envisions willfulness or bad faith on behalf of the party to be sanctioned. *Greathouse v. American National Bank and Trust Co.*, 796 S.W.2d 868 (Ky. App. 1990). The basis for the rule is that a party who intentionally seeks to delay or thwart the judicial process should not benefit from the defiant conduct. *Baltimore & Ohio Railroad Co. v. Carrier*, 426 S.W.2d 938 (Ky. 1968).

The trial court was required to make findings to support its exercise of discretion. *Greathouse*, *supra.* It did so. The trial court found specifically that

Mick "responded timely to discovery requests and did not attempt to delay or thwart the judicial process with her production of discovery." It did not abuse its broad discretion by deciding not to impose the "most severe" of sanctions against her. Moreover, as noted above, the notice of appeal did not identify the court's discovery order entered May 31, 2022, as a subject of this appeal.

Finding no error, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

R. Kenyon Meyer
Sarah D. Reddick
Louisville, Kentucky

BRIEF FOR APPELLEE:

Thomas R. Coffey
Louisville, Kentucky

Kevin C. Burke
Jamie K. Neal
Louisville, Kentucky