Michael D. WHALEY, Sr.; Janell L. Whaley, Appellants

v.

WHITAKER BANK, INC., Appellee.

No. 2007–CA–001451–MR.

Court of Appeals of Kentucky.

May 2, 2008.

Robert F. Ristaneo, Lexington, KY, for Appellants.

Lynn Sowards, Lexington, KY, for Appellee.

Before ACREE and WINE, Judges; KNOPF,[1] Senior Judge.

## *OPINION*

WINE, Judge.

Michael and Janell Whaley ("the Whaleys") appeal from the Scott Circuit Court's order granting Appellee's, Whitaker Bank, Inc., motion to dismiss pursuant to Kentucky Rules of Civil Procedure ("CR") 12.02, thus dismissing the Whaleys' claims. Subsequent to Whitaker Bank's CR 12.02 motion, but before Whitaker Bank filed an answer or motion for summary judgment, the Whaleys moved to voluntarily dismiss the action without prej-

udice pursuant to CR 41.01(1). The trial court treated Whitaker Bank's motion to dismiss as one for summary judgment and dismissed all claims with prejudice. Upon review, we conclude that the dismissal was in error and remand this action to the trial court for an order reflecting that the case was dismissed, via the Whaleys' CR 41.01 notice, without prejudice.

There is a companion case in the Scott Circuit Court, *Jacobson v. Whaley*, Action No. 05–CI–00406. ("*Jacobson* case"). Both the *Jacobson* case and the case herein involve the same facts and circumstances, but additional defendants were added in this second action.

In this case, the Whaleys filed suit against Whitaker Bank, Harold F. Simms, and Commonwealth Land Title Insurance Company ("Commonwealth") to recover damages in connection with a lender's title insurance policy issued by Commonwealth for the benefit of Whitaker Bank as the lender. In their complaint, the Whaleys alleged that Whitaker Bank made negligent misrepresentations to Commonwealth, which caused harm to the Whaleys. All three defendants filed separate CR 12.02 motions to dismiss the Whaleys' claims. On April 28, 2007, Whitaker Bank filed a CR 12.02 motion asserting that the Whaleys' claims against it be dismissed with prejudice for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. The matter was to be heard on May 3, 2007. Whitaker Bank re-noticed its motion on May 2, 2007, indicating that the matter would now be heard on June 7, 2007. While Whitaker Bank's motion was still pending, on May 8, 2007, the Whaleys filed

1. Senior Judge William L. Knopf sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes ("KRS") 21.580.

a notice of voluntary dismissal without prejudice pursuant to CR 41.01(1).

At motion hour on June 7, 2007, the Whaleys' counsel appeared first on Whitaker Bank's motion to dismiss pursuant to CR 12.02. The court, having been advised by Whaleys' attorney that there was no objection, signed the tendered order but it was not entered. After the Whaleys' counsel left the courtroom, counsel for Whitaker Bank arrived to present its CR 12.02 motion. The court indicated that the Whaleys did not object to entry of Whitaker Bank's CR 12.02 motion. However, counsel for Whitaker Bank apparently believed that the Whaleys would have an objection to Whitaker Bank's motion being a dismissal with prejudice and, therefore, the trial court agreed to schedule a hearing on Whitaker Bank's motion for June 19, 2007.

On June 11, 2007, Whitaker Bank renoticed its motion to be heard on June 19, 2007. After considering the arguments of Whitaker Bank, pursuant to CR 12.02, and the Whaleys at the June 19 hearing, the trial court entered an order of dismissal with prejudice as to Whitaker Bank and without prejudice as to the remaining defendants. Specifically, the trial court treated Whitaker Bank's CR 12.02 motion to dismiss as one for summary judgment and dismissed the Whaleys' claims as to Whitaker Bank with prejudice. The Whaleys appeal from this order of dismissal.

■ The Whaleys first argue that the trial court lacked jurisdiction to hear Whitaker Bank's CR 12.02 motion as they had already moved on May 8, 2007, to voluntarily dismiss their complaint pursuant to CR 41.01(1). Whether the court has acted outside its jurisdiction is a question of law, and the standard of review on appeal is therefore *de novo*. *Grange Mutual Insurance Co. v. Trude*, 151 S.W.3d 803, 810 (Ky.2004). The Whaleys contend that

Whitaker Bank had not filed an answer or a motion for summary judgment prior to their filing for voluntary dismissal pursuant to CR 41.01(1). Since there was no objection filed to the motion, the Whaleys assert that the action was automatically dismissed, leaving the court without jurisdiction to address Whitaker Bank's pending motion to dismiss. Whitaker Bank maintains that, since its CR 12.02 motion was pending at the time the Whaleys filed their CR 41.01 notice, and the CR 12.02 motion was supported by documentation, it functioned as a motion for summary judgment, and the Whaleys were precluded from dismissing without prejudice as a matter of right.

CR 41.01(1) states that a plaintiff's right to voluntarily dismiss an action unilaterally and without prejudice is limited to the time "before service by the adverse party of an answer or of a motion for summary judgment...." On the other hand, CR 12.02 reads in pertinent part:

If, on a motion asserting the defense that the pleading fails to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Here, the trial court indicated in its June 21, 2007, order that it considered the supplemental attachments filed with Whitaker Bank's motion to dismiss and, thus, treated Whitaker Bank's motion as a summary judgment.

■ CR 41.01(1) does not address whether a motion to dismiss that is treated as a motion for summary judgment terminates a plaintiff's right to voluntarily dis-

miss its complaint. To date, Kentucky courts have not yet addressed the issue. The Kentucky Rules of Civil Procedure are modeled after the Federal Rules of Civil Procedure ("Fed. R. Civ.Pro."). *See West v. Goldstein,* 830 S.W.2d 379, 384 (Ky.1992). But in interpreting the corresponding federal rule, there is some disagreement among the Federal Circuit Courts on this issue. Many of the Federal Circuits seem to view the interplay between Rule 41 and Rules 12 and 56 as barring voluntary dismissal where the defendant has spent considerable time and effort in litigation. Some courts have viewed a filed motion to dismiss as a pending motion for summary judgment solely because the defendant has attached supporting affidavits or documents outside the pleadings not excluded by the court. *See Wilson–Cook Medical, Inc. v. Wilson,* 942 F.2d 247, 252 (4th Cir.1991). In these circumstances, if the district court accepts and considers the affidavits relevant to the motion to dismiss for failure to state a claim, the motion to dismiss is converted to a motion for summary judgment and prevents voluntary dismissal. *Id.; see also Manze v. State Farm Ins. Co.,* 817 F.2d 1062, 1066 (3rd Cir.1987) (stating that where a defendant "intend[s] a Rule 56 motion by its motion to dismiss," or where court "treats it as such," voluntary dismissal right barred).

On the other hand, the Eleventh Circuit, in *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999), stated "[o]rdinarily, a Rule 41(a)(1) voluntary dismissal is effective immediately and requires no action by the district court." *See Matthews v. Gaither,* 902 F.2d 877, 880 (11th Cir.1990); *see also Williams v. Clarke,* 82 F.3d 270, 273 (8th Cir.1996) (where the Court held that voluntary dismissal renders the proceedings a nullity and leaves the parties as if the action had never been brought). Further,

the *University of South Alabama* Court went on to say that "[v]oluntary dismissal, moreover, normally may precede any analysis of subject matter jurisdiction because it is self-executing and moots all pending motions, obviating the need for the district court to exercise its jurisdiction." *Id.*

The Sixth Circuit, interpreting Fed. R. Civ. Pro. 41(a)(1)(i), held that the rule is clear and unambiguous on its face and admits of no exceptions that call for the exercise of judicial discretion by any court. Other than to determine, should the question arise, whether an answer or a motion for summary judgment has in fact been filed prior to the filing of a notice of dismissal, a court has no function under Rule 41(a)(1)(i). *D.C. Electronics v. Narton Corp.,* 511 F.2d 294 (6th Cir.1975). Similarly, the Fifth Circuit, interpreting Fed. R. Civ. Pro. 41(a)(1) in *American Cyanamid Co. v. McGhee,* 317 F.2d 295, 297 (5th Cir.1963), discussed the effect of the rule, stating:

> Rule 41(a)(1) is the shortest and surest route to abort a complaint when it is applicable. So long as plaintiff has not been served with his adversary's answer or motion for summary judgment he need do no more than file a notice of dismissal with the Clerk. That document itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. He suffers no impairment beyond his fee for filing.

*See also Warfield v. AlliedSignal TBS Holdings, Inc.,* 267 F.3d 538 (6th Cir.2001). Therefore, unless a defendant has filed an

answer or summary judgment motion, the governing provision is Rule 41. "Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer." *Aamot v. Kassel,* 1 F.3d 441, 444 (6th Cir.1993).

CR 41.01(1), like Fed. R. Civ. Pro. 41(a)(1), clearly specifies that a plaintiff may file a motion for voluntary dismissal before the filing of an answer or motion for summary judgment. A motion to dismiss under CR 12.02, even if later treated as a motion for summary judgment, is not among the pleadings which bars a voluntary dismissal without prejudice. For this reason, the trial court erred by considering Whitaker Bank's motion to dismiss.

Whitaker Bank argues the Whaleys' notice of dismissal was invalid because the trial court determined that the bank had in fact filed a motion for summary judgment before the Whaleys filed their CR 41.01 notice. We disagree. CR 41.01(1) explicitly leaves the option to dismiss at the will of the plaintiff. Once the plaintiff gives his notice, the lawsuit is no more. In this case, Whitaker Bank's motion to dismiss was pending when the Whaleys filed the CR 41.01 notice on May 8, 2007. It was not until June 19, 2007, that the trial court actually *considered* Whitaker Bank's motion to dismiss and the attached exhibits. Thus, the Whaleys' CR 41.01 notice had already ended the lawsuit prior to the court's consideration of Whitaker Bank's motion.

Moreover, CR 41.01(1) permits a plaintiff to take action and dismiss "at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs...." This language clearly requires a defendant, "in order to make plaintiff put his money where his mouth is, to *serve* plaintiff with a summary judgment motion or an answer." *Aamot v. Kassel,* 1 F.3d at 444.

Permitting a defendant, merely by appending to his Rule 12(b)(6) motion materials "outside the pleadings," regardless of their scope, content or form, to abridge a plaintiff's right to voluntarily dismiss his action without prejudice, not only circumvents the plain language of the rule, but flies in the face of the "time and effort in litigation" rationale.

*Id.*

Finally, the language of CR 12.02 allowing motions accompanied by extraneous materials to be treated as a motion for summary judgment is directed to the courts. After a plaintiff files a motion for voluntary dismissal pursuant to CR 41.01 and there is no timely objection, the matter is at an end and the court loses jurisdiction to consider other matters and motions. The Whaleys filed their notice of dismissal without prejudice pursuant to CR 41.01(1) prior to Whitaker Bank's filing an answer or motion for summary judgment. Since a CR 41.01(1) notice of dismissal is automatic, leaving no discretion to the trial court as to whether it should be granted, we conclude that the Whaleys' case was dismissed without prejudice, effective immediately upon their filing of the notice on May 8, 2007.

Accordingly, the trial court erred in granting Whitaker Bank's motion to dismiss. For the reasons stated, the order of the trial court is vacated and the case is remanded for entry of an order dismissing without prejudice.

ALL CONCUR.