RENDERED: APRIL 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1838-MR

DAVID MEGRONIGLE, D/B/A
ACCIDENT/INJURY
CHIROPRACTIC; AND E-TOWN
INJURY CENTER, INC., D/B/A
METRO PAIN RELIEF CENTER                                      APPELLANTS


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE ANGELA MCCORMICK BISIG, JUDGE
                  ACTION NOS. 16-CI-000163 AND 16-CI-000169


ALLSTATE PROPERTY &
CASUALTY INSURANCE
COMPANY                                                              APPELLEE


                              OPINION
                             AFFIRMING

                          ** ** ** ** **

BEFORE: JONES, LAMBERT, AND K. THOMPSON, JUDGES.

LAMBERT, JUDGE: David Megronigle, d/b/a Accident/Injury Chiropractic,

(hereinafter "Dr. Megronigle") and E-Town Injury Center, Inc., d/b/a Metro Pain

Relief Center (hereinafter "E-Town") have appealed from the October 21, 2019,

order of the Jefferson Circuit Court awarding $816.00 in attorney fees to Allstate Property & Casualty Insurance Company pursuant to Kentucky Rules of Civil Procedure (CR) 37.02(3) based upon delays in the discovery process. We affirm.

The underlying lawsuit commenced with the filing of two complaints on January 12, 2016, by Jean-Luc Henry and Dwayne Smith (the plaintiffs) related to injuries they received in a motor vehicle accident on January 14, 2015, when they were passengers in a vehicle driven by Wolf Conseillant. The first, Action No. 16-CI-00163, is a contract claim against Allstate. The plaintiffs were insured under a policy of insurance with Allstate at the time of the accident, and they alleged that Allstate refused to honor the provisions of the policy by failing to pay medical expenses or lost wages as it was obligated to under the Basic Reparations Benefits (BRB) provision. The second, Action No. 16-CI-00169, is a bodily injury claim against Conseillant in which the plaintiffs sought damages for past and future medical expenses, past and future physical and mental pain and suffering, lost wages, and diminished capacity to work and earn income based upon Conseillant's negligence in causing the accident. An amended complaint added Anny Cun as a defendant based upon the negligent operation of her vehicle, which caused the collision with the vehicle Conseillant was driving. The two cases were later consolidated. As this appeal relates to issues arising from the contract claim against Allstate, we shall focus our attention for the most part on that case.

Allstate filed an answer disputing the plaintiffs' claims, and discovery commenced. Allstate sought the production of medical records from the plaintiffs' healthcare providers, including hospitals and chiropractic offices. The circuit court also bifurcated the plaintiffs' tort claims from their contract claims against Allstate, staying the contract claims until the tort claims were resolved.

In July 2017, Allstate filed a motion to dismiss the plaintiffs' claims for failure to state a claim. It argued that the plaintiffs had not paid any of the chiropractic bills and therefore had not accrued or incurred any economic loss. The plaintiffs objected to the motion. The court treated the motion as one for summary judgment. It denied the motion as premature by order entered September 26, 2017, because discovery had not been completed. The court denied Allstate's motion to alter, amend, or vacate this order.

In June 2017, just prior to the filing of the motion to dismiss, Allstate filed separate notices and subpoenas to take the depositions of the designated corporate representatives of Dr. Megronigle and E-Town. Neither was a party to the lawsuits. Rather, Dr. Megronigle provided chiropractic treatment for, and E-Town performed MRIs of, the plaintiffs.[1] The depositions were scheduled for July 31, 2017. In the notices, Allstate sought production of a list of documents relating

---

[1] In their brief, the appellants state that Dr. Megronigle "is the owner and manager of the various business entities involved[.]"

to their involvement with the plaintiffs' lawsuit, for any claim that the practices had been contracted by plaintiffs' counsel to evaluate, any referral relationship with plaintiffs' counsel, advertising information for the last five years, and financial performance for the last five years, among other information. Allstate was apparently seeking information that Dr. Megronigle had inflated the cost of MRIs performed at E-Town when it billed Allstate for services rendered.

On July 12, 2017, Dr. Megronigle filed a motion for a protective order pursuant to CR 26.03 through attorney Paul Croce,[2] seeking to prevent his examination and disclosure of any information other than about the medical treatment directly provided to the plaintiffs and associated invoices for service. He explained that his office provided treatment for the plaintiffs related to their motor vehicle accident and submitted invoices to Allstate. Allstate requested to take his deposition as the corporate representative and seek information unrelated to the plaintiffs' claims. This information, Dr. Megronigle argued, was confidential and proprietary business information and had nothing to do with the lawsuit or treatment of the plaintiffs. Rather, Dr. Megronigle posited that Allstate was seeking this information for its adjusting purposes in future, unrelated claims. He argued that the discovery Allstate was seeking was "not reasonably calculated to lead to admissible evidence" and was "done to harass and create hardship" to him.

---

[2] Later, attorney J. Fox DeMoisey represented both E-Town and Dr. Megronigle.

Therefore, Dr. Megronigle sought a protective order to limit the scope of his deposition. This motion was later withdrawn, and Allstate remanded the deposition notices on July 24, 2017.

On August 31, 2017, the court entered agreed orders dismissing the plaintiffs' bodily injury claims against Conseillant and Anny Cun as settled. The contract claim against Allstate continued.

In September 2017, Allstate again filed notices to take the corporate representative depositions with a new date of October 5, 2017. The notices indicated that Allstate was still seeking information related to marketing and advertising, referral relationships, and financial performance. On October 4, 2017, Dr. Megronigle moved to hold his deposition in abeyance or reschedule it pending a ruling by this Court on his Petition for a Writ of Prohibition. The next day, Allstate filed a motion to compel and for sanctions, requesting that the court compel the corporate representative depositions.

The court held a hearing on the pending motions on December 19, 2017. Much of the discussion addressed the scope of the discovery Allstate was attempting to obtain. Allstate argued that the issue to be decided was the reasonableness of the treatment and cost; therefore, whether any solicitation or marketing was involved would be subject to discovery. Allstate believed there was a contractual relationship between Dr. Megronigle (the treating chiropractor) and

E-Town whereby Dr. Megronigle leased an MRI bed at E-Town on a per patient rate, and the office then billed the insurance company under its provider code at a much higher rate of $1,750.00 per MRI. Counsel for Allstate discussed the various procedural delays that occurred after it first issued the notices and subpoenas in June as well as his attempts to reschedule the depositions. Counsel representing Dr. Megronigle and E-Town would not provide any dates for the depositions, which prompted Allstate to file the motion to compel. Counsel for Allstate stated that he had done everything he could to work with Dr. Megronigle and E-Town, but nothing happened, and that under CR 45, Dr. Megronigle and E-Town had ten days to assert any objections. Six months later, no objection had been filed. In response, counsel for Dr. Megronigle and E-Town explained that Allstate had been targeting multiple chiropractors who were using MRIs to service their clients. Allstate, he argued, was improperly attempting to obtain information regarding the economic relationship between a vendor and a health provider; this was beyond the scope of discovery for this case. This should be done in another action, not in a motor vehicle accident case. Counsel indicated that a similar case was being considered by the Court of Appeals.

Once the arguments were complete, the court orally ruled on Allstate's motion to compel as follows:

> Judge: The motion to compel, Mr. Stempien [counsel for Allstate], that you're making is granted. I think you

should be able to conduct discovery and get information about from [sic] the chiropractor and from any other tests and what their costs were. I would limit that to not going into general information about how they conduct their business and where they may farm out services, but certainly anything related to this particular plaintiff, Mr. Henry . . . and his medical treatment and what tests he had done and how much those tests cost and why he needed those tests, I will allow you to take that discovery. . . . The motion to compel would be granted, with the limitation of just not going into general information about how they conduct their business but specific information to this individual and what treatment they received, what the billing costs were because Plaintiff is obviously going to have to establish that if they are going to be able to overcome, either prove their case at trial or overcome a renewed motion for summary [judgment].

Counsel for Allstate: And quick your honor just because I think this is going to be an issue. So one of our questions is going to be "okay how much did you pay E-Town Injury for the MRI in this particular case pursuant to that lease agreement?"

Judge: For this case that is fine.

. . . .

Judge: My order is that they [Allstate] can go forward and take the discovery. Again, if you [Dr. Megronigle] want to object to the scope of it, we can always come back and revisit that. I do think any bills related to this particular plaintiff's care that the questions should be answered.

The court also denied Dr. Megronigle and E-Town's motion to reschedule the depositions or hold them in abeyance.

In February 2018, Allstate filed another set of subpoenas and notices to take the corporate representative depositions on February 16, 2018, which were then rescheduled for February 22, 2018. However, on the day the depositions were scheduled to be taken, Dr. Megronigle and E-Town filed a renewed and amended motion for a protective order seeking to limit the deposition testimony.

Also on February 22, 2018, Allstate filed a motion asking the court to compel the corporate representatives' compliance with its prior order. It also sought a finding of contempt and an award of attorney fees. Allstate indicated that it had attempted to work with counsel regarding discovery but had received no response or had received assurances of cooperation that never happened. Specifically as to discovery, Allstate requested that the depositions be ordered to take place and that the documents requested in the subpoena be produced. The court heard arguments on February 26, 2018, where Allstate again argued that it was seeking this information to determine whether the medical bills were reasonable and that Dr. Megronigle and E-Town were choosing not to comply. Allstate requested costs and attorney's fees, noting that it had been almost eight months since it had sought this discovery and that Dr. Megronigle and E-Town had only recently moved for a protective order. Dr. Megronigle and E-Town noted that they had filed a motion for a protective order based on a similar case that had been pending in this Court in which Allstate was attacking chiropractors. They noted

that the circuit court had ruled that it was permissible to go ahead with discovery as it related to this case. But Allstate, they argued, continued to request discovery related to a referral and financial relationship between Dr. Megronigle and E-Town as well as the cost of the services that had been provided. This, they asserted, was beyond whether the medical bills here were reasonable.

The court entered an order on March 22, 2018, related to the discovery issues. It stated in relevant part as follows:

### BACKGROUND

This matter involves an automobile collision that occurred in Jefferson County, Kentucky on or about January 14, 2015. By Order dated September 26, 2017, this Court previously denied a Motion to Dismiss filed by Defendant Allstate. The background facts as listed in the Court's prior Order are adopted fully herein. The current matters before the Court involve an on-going discovery dispute.

The parties appeared before the Court on December 19, 2017 to discuss essentially the same issues presented here. At that hearing, the Court orally granted the Defendant Allstate's motion to compel discovery and denied [Movants'] motion to hold further discovery in abeyance. Since the prior ruling, counsel for Allstate alleges that the Movants have not provided dates for the deposition of a corporate representative of the various entities doing business as the collective Movants in this case. As a result, counsel is requesting the deposition be noticed for the courtroom with the Court to be available to rule on objections as they occur. Counsel for Allstate also requests attorney fees and costs incurred in attempting to obtain discovery from the Movants.

For the Movants' part, counsel acknowledges that their objections to the discovery requests tendered by Allstate were not timely. Counsel further argues for a protective order preventing Allstate from engaging in a "fishing expedition" into his client's business practices. While counsel for Movants acknowledges their discovery responses were delayed, he also states that the scope of discovery requested by Allstate is outside the oral [parameters] set by the Court at the December, 2017 hearing. Counsel argues the Defendant failed to narrow the scope of the discovery requests, and therefore Movants are still refusing to respond. Counsel also argues that discovery in this case should be limited to the accident at issue and not business referral practices, marketing schemes or other information not related to this case. Finally, counsel for Movants argues that an investigation into the alleged fraudulent activity is not appropriate as part of the current litigation. Balancing these issues, the Court rules as follows.

Defendant's Motion to Compel is GRANTED. Movants are required to make a corporate representative available for deposition within 25 days of the date of this Order. In addition, Movants are to provide responses to the previously tendered discovery within 20 days of the date of this Order. Specifically, Movants should respond to all discovery related to the treatment of Plaintiff, Jean-Luc Henry as well as business practices used to handle Plaintiff's case. Further, information should be provided about the cost and type of care he received at Movants' locations.

Movants' Motion for a Protective Order is GRANTED in part to the extent Allstate requests general information about Movants' overall marketing practices or business plan. The Court is further DENYING the Motion to conduct the requested deposition at the courthouse in the presence of the Court. However, because of the acknowledged delay on the Movants' behalf in responding to the discovery issues beginning

back in June of 2017 and again after the Court's oral ruling in December of 2017, the Court orders Movants to pay for two (2) hours of Allstate's counsel time in preparing the February 22, 2018 Motion to Compel.

In April 2018, Dr. Megronigle and E-Town filed a motion requesting that the court hold a hearing to clarify the directives of the March 22, 2018, order. The motion included a copy of this Court's ruling on Dr. Megronigle's motion for intermediate relief. This Court denied intermediate relief, noting that it would not speculate on the alleged injuries Dr. Megronigle and E-Town might incur when there was no indication that they had sought clarification from the circuit court. The petition for a writ was later denied by a three-judge panel on July 12, 2018.

The circuit court heard arguments on May 14, 2018, related to what would be properly discoverable in Allstate's deposition notices based upon the court's prior order. The court explained that anything that pertained to these plaintiffs was discoverable. The court ultimately ordered the documents to be produced in 15 days and the depositions to take place in 25 days.

On June 6, 2018, Allstate filed a motion to compel Dr. Megronigle and E-Town to provide the amount of the payment made by Dr. Megronigle to E-Town for the MRI performed on the plaintiff or plaintiffs. It stated that this information was covered in the December 19, 2017, hearing. Allstate also sought a finding of contempt and an award of attorney's fees. At the hearing on June 11, 2018, Dr. Megronigle and E-Town objected on the basis that this was proprietary

-11-

information and irrelevant as to whether this was a necessary expense. They argued that this was another attempt by Allstate to circumvent the court's ruling. The court ruled both orally and in writing on the tendered order that Allstate could obtain the cost of the MRI to Dr. Megronigle's office.

At this point in the proceedings, Dr. Megronigle and E-Town decided to drop their claim to recover their medical fees. Because that left no other issues to be decided, the plaintiffs filed a notice of voluntary dismissal against Allstate on June 18, 2018.

On June 21, 2018, Allstate filed a motion seeking reasonable attorney's fees pursuant to CR 37.02(3). Allstate stated that it had been informed that, following the entry of the last order to compel, Dr. Megronigle decided to "zero out" the bills related to the treatment of the plaintiffs in this case rather than provide the requested information. It argued that Dr. Megronigle should not be permitted to walk away from the case after a year of delay without any consequence and that he should bear the reasonable costs associated with this conduct. Allstate set forth a detailed timeline of events associated with the discovery process as it related to Dr. Megronigle.

In response, Dr. Megronigle argued that Allstate did not want to honor its contractual obligations by paying the outstanding medical bills. He indicated that he decided "to suffer a loss" on this case and pursue the matter as a direct

-12-

party for what he described as the improper conduct of the insurance company in seeking the cost information. After Dr. Megronigle informed the plaintiffs that he would no longer be seeking payment for the services he had rendered, the plaintiffs filed a notice of voluntary dismissal. Two days later, Allstate filed its motion seeking attorney's fees. Dr. Megronigle argued that CR 37.02(2) and (3) were only applicable to actual parties in the litigation, and he was not a party to the litigation. In addition, he asserted that his position was justified. Because he had expended money on his own attorney's fees and lost the value of the services he had rendered to the plaintiffs, Dr. Megronigle argued that the award of attorney's fees would be unjust and unwarranted. In reply, Allstate argued that it was within the court's discretion to levy appropriate sanctions in this case.

By order entered July 26, 2018, the court granted Allstate's motion and ordered Dr. Megronigle and E-Town to pay reasonable attorney's fees associated with Allstate's final motion to compel discovery. Allstate was to submit an amount with supporting documentation within ten days.

Allstate's counsel filed a timely affidavit as requested by the court. In the affidavit, counsel stated that the reasonable value of legal services related to the motions for clarification and to compel discovery following the court's March 22, 2018, order totaled $2,529.00. He went on to state that he had expended two hours for the preparation for and his appearance at the February 2018 motion to compel,

which had a value of $480.00. Counsel attached a ledger establishing these amounts.

Dr. Megronigle filed a response and objection to Allstate's demand for costs and fees. He continued to argue that Allstate and other insurance companies had been targeting him and other chiropractors by seeking their proprietary information. He noted that it appeared from the affidavit that the billing rate in the matter was $240.00 per hour. However, he claimed that past experience of Dr. Megronigle's counsel established that this was not the typical hourly billing rate for Allstate.

The court held a hearing on the matter on October 3, 2019. Allstate indicated that the reasonableness of the requested fees was at issue for this hearing. Dr. Megronigle raised a procedural issue as to whether the court had jurisdiction because the case had ended more than a year earlier. The only issue that remained related to a non-party. Allstate argued that the attorney's fee issue had already been ruled on and that the hourly rate of the fees was reasonable for the community. There was some argument related to whether Allstate should have requested fees in the actual amount it was paid rather than the hourly fees requested in the affidavit. Allstate argued that it took a long time to get before the court due to procedural issues but that the court retained jurisdiction over its orders.

By order entered October 21, 2019, the court ruled on Allstate's

motion for attorney's fees, in pertinent part, as follows:

> Briefly stated, this dispute involves a long discovery process between Allstate and E-town Injury Center, Inc. d/b/a Metro Pain Relief Center, Cardiopathic Radiology Group via their corporate representative, Dr. Megronigle, regarding information sought via subpoena in this case. Beginning in June and July of 2017, Allstate sent requests for discovery and deposition notices for representatives of Plaintiff's treaters. In general, Allstate complains of lack of responsiveness and [seeks] its expenses for four separate court orders compelling Plaintiff's treaters to produce information. Allstate argues that the Plaintiff's treaters refusals were without merit.

> For its part, Megronigle argues he had a "solid basis" for his objections to this discovery. In addition, Megronigle argues that he is not an actual party to the litigation but rather rendered treatment for the Plaintiff. Megronigle further argues that Allstate should seek the amount it was charged by counsel for the services and not a "reasonable" amount. Finally, Megronigle argues that he has waived his treatment fees and the issues are now moot. Based upon his withdraw[al] of payment for services, the Plaintiff filed a notice of voluntary dismissal of the underlying case.

> Balancing these arguments, the Court considers Allstate's argument that regardless of the dismissal of the case, the more than a year Allstate and its attorneys spent in an attempt to gain compliance with the Court's discovery orders was unreasonable. The Court also weighs that Allstate ultimately prevailed in the underlying legal action in that Plaintiffs' claims were dismissed. While the Court agrees that some of the legal wrangling over this discovery process were within normal limits, the Court also finds that multiple orders

compelling the same discovery warrant some sanction.
For this reason, the Court will award attorney fees for the
preparation of the June 6, 2018 motion to compel. This
represents 2.2 hours of work for a total cost of $528.00.
In addition, the Court will award attorney fees for the
hearing on the motion to compel from June 11, 2018 in
the amount of 1.2 hours at a total cost of $288.00.

Accordingly, the court awarded $816.00 in attorney's fees as a sanction pursuant to

CR 37.02(3), to be paid within 60 days. This appeal now follows.

On appeal, Dr. Megronigle and E-Town (now referred to as the

appellants) raise two issues. First, they contend the circuit court did not have

jurisdiction to compel the payment of attorney's fees. Second, they argue the

circuit court abused its discretion in awarding these sanctions.

For their first argument, the appellants assert that the circuit court lost

subject matter jurisdiction to compel them, as non-parties, to pay attorney's fees to

Allstate once both the contract and bodily injury complaints had been terminated.

This occurred when the plaintiffs filed their voluntary dismissal in the contract

case on June 19, 2018. Allstate filed its motion for attorney's fees two days later.

The appellants assert that the discovery issues pending at the time of the voluntary

dismissal were, at best, ancillary to the main litigation. "Whether the court has

acted outside its jurisdiction is a question of law, and the standard of review on

appeal is therefore *de novo*." *Whaley v. Whitaker Bank, Inc.*, 254 S.W.3d 825, 827

(Ky. App. 2008).

-16-

Allstate maintains that the circuit court retained jurisdiction to award

the fees in this case. It cites to CR 41.01, which addresses the effect of a voluntary

dismissal.

> (1) By plaintiff; by stipulation.
>
> Subject to the provisions of Rule 23.05, of Rule 66, and of any statute, an action, or any claim therein, may be dismissed by the plaintiff without order of court, by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state, of the United States or of any state an action based on or including the same claim.
>
> (2) By order of court.
>
> Except as provided in paragraph (1) of this rule, an action, or any claim therein, shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this section is without prejudice.

Here, Allstate argues that the plaintiffs' notice of voluntary dismissal did not

comply with CR 41.01(2) because the circuit court did not consider the effect the

-17-

dismissal would have, nor did it enter an order dismissing the case. *See Sublett v. Hall*, 589 S.W.2d 888, 893 (Ky. 1979) ("In essence, the basic criterion is whether the opposing party will suffer some substantial injustice or be substantially prejudiced" if a court were to dismiss an action without prejudice.). We note that CR 41.01(1) is not applicable here because the notice of voluntary dismissal was not made before an answer, motion for summary judgment, or stipulation of dismissal signed by all parties was filed.

In their reply brief, the appellants rely upon *Whaley*, *supra*, to support their argument that the court lost jurisdiction to consider other matters once the notice of voluntary dismissal was filed: "After a plaintiff files a motion for voluntary dismissal pursuant to CR 41.01 and there is no timely objection, the matter is at an end and the court loses jurisdiction to consider other matters and motions." 254 S.W.3d at 829. However, this case is distinguishable from the matter at hand because the Whaleys filed a notice of dismissal pursuant to CR 41.01(1). In such cases, the Court held that "[s]ince a CR 41.01(1) notice of dismissal is automatic, leaving no discretion to the trial court as to whether it should be granted, we conclude that the Whaleys' case was dismissed without prejudice, effective immediately upon their filing of the notice on May 8, 2007." *Id*. Here, the notice was filed pursuant to CR 41.01(2), which does require the court – in most situations – to use its discretion to determine whether to permit the

-18-

dismissal: "[A]n action, or any claim therein, shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

We agree with Allstate that the circuit court retained jurisdiction in this case because the court had taken no action on the notice of voluntary dismissal.

For their second argument, the appellants argue that the circuit court abused its discretion both in awarding attorney's fees and in the amount of attorney's fees awarded. "A trial court 'has broad discretion in addressing a violation of its order[s]' regarding discovery, and this Court reviews the trial court's determination of the appropriate sanction for abuse of that discretion." *Turner v. Andrew*, 413 S.W.3d 272, 279 (Ky. 2013) (quoting *Wilson v. Commonwealth*, 381 S.W.3d 180, 191 (Ky. 2012)). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000) (citing *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

In the present case, the circuit court based its award of attorney's fees on CR 37.02(3), which provides for the award of expenses for the failure to obey an order:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The appellants cite to *E.I.C., Inc. v. Bank of Virginia*, 582 S.W.2d 72 (Ky. App. 1979), in which this Court addressed the burden shifting language of the rule that would require the non-compliant party to justify the failure to comply or establish that an award of fees would be unjust:

It appears to us that although the rule, by use of the word "shall," appears to mandate an award of reasonable expenses including attorney's fees for failure to comply with an order compelling discovery, the addition of the language in the rule that "unless . . . the failure was substantially justified or . . . unjust," precludes the award of expenses and attorney's fees where there is a showing the award would be unjust or the failure to comply is substantially justified.

In other words, we believe the language used in the rule is intended to shift the burden to the party who has failed to comply with an order compelling discovery, and requires that party to establish to the satisfaction of the trial court that the failure was substantially justified or that an award of expenses would be unjust. Accordingly, we hold that the award of expenses and attorney's fees pursuant to CR 37.02(3) is within the sound discretion of the trial court.

*Id.* at 75. The appellants argue that the award of fees was unjust and that they were substantially justified in not complying with the court's order. They cite their

-20-

decision to give up the medical fees to which they were entitled in order to protect the information concerning their business practices as well as a "windfall" Allstate's counsel would receive over whatever Allstate had already paid him. They also point out that they were successful in part in seeking protective orders.

We disagree with the appellants' assertions that they were substantially justified in their refusal to comply with the court's discovery orders or that it would be unjust to award attorney's fees in this case. As Allstate sets forth in its brief, the appellants flatly refused to comply with multiple court orders related to discovery in this case, and this process went on for over a year as detailed above and by the court in its orders. We find no abuse of discretion in the circuit court's decision to award fees in this case.

Finally, we shall consider whether the amount awarded was reasonable. The circuit court awarded $816.00 in attorney's fees, representing 2.2 hours of work preparing the June 6, 2018, motion to compel and 1.2 hours for the appearance at the June 11, 2018, hearing, at a rate of $240.00 per hour. The appellants disagree with this calculation and instead argue that the fee should have been what counsel was actually paid rather than using the $240.00 per hour rate as a reasonable community rate. However, Allstate points out that Kentucky law only requires that a rate be reasonable. "[T]he attorney's fee awarded should consist of the product of counsel's reasonable hours, multiplied by a reasonable hourly

-21-

rate[.]" *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 826 (Ky. 1992). We agree with Allstate that the circuit court properly relied upon a reasonable, community rate of $240.00 per hour to calculate the amount of attorney's fees Allstate was entitled to recoup. Therefore, the circuit court did not abuse its discretion either in its decision to award fees or in the amount it awarded.

For the foregoing reasons, the order of the Jefferson Circuit Court is affirmed.

JONES, JUDGE, CONCURS.

K. THOMPSON, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

THOMPSON, K., JUDGE, DISSENTING: I disagree with the majority opinion that attorney's fees could appropriately be awarded against a non-party in this case pursuant to Kentucky Rules of Civil Procedure (CR) 37.02(3). I further write to express my disagreement with the Jefferson Circuit Court allowing this kind of disruptive discovery.

It is undisputed that David Megronigle, d/b/a Accident/Injury Chiropractic and E-town Injury Center, Inc., d/b/a Metro Pain Relief Center are *not parties* to the motor vehicle accident (MVA) lawsuit between plaintiffs Jean-Luc Henry and Dwayne Smith versus Wolf Conseillant and Allstate Property & Casualty Insurance Company. Therefore, there is nothing in CR 37.02 which

authorized the circuit court to order Megronigle and E-town (the non-parties) to

pay Allstate's attorney fees.

I quote CR 37.02 to illustrate my point:

**(1) Sanctions by court in judicial district where deposition is taken.**

If a *deponent* fails to be sworn or to answer a question after being directed to do so by the court in the judicial district in which the deposition is being taken, the failure may be considered a contempt of that court.

**(2) Sanctions by court in which action is pending.**

If a *party* or an officer, director, or managing agent of a party or a person designated under Rule 30.02(6) or 31.01(2) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Rule 37.01 or Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

[lists possible orders]

**(3) Expenses on failure to obey order.**

In lieu of any of the foregoing orders or in addition thereto, the court shall require the *party* failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added.)  Simply put, the non-parties cannot be ordered to pay attorney

fees based upon the clear language of the rule.  As a matter of law, the circuit

-23-

court's order awarding fees should have been reversed. While the non-parties could be subject to contempt of court if they refused to be deposed under CR 37.02(1), the circuit court was imposing a sanction based upon violations of discovery orders under (2) with the fees imposed under (3). This "remedy" is simply unavailable against the non-parties.

Even had they been parties, I disagree with the circuit court's analysis that "Allstate ultimately prevailed in the underlying legal action in that Plaintiffs' claims were dismissed." There was no "win" here; the non-parties simply decided they would rather not seek the reimbursement they were legally entitled to receive at the cost of disclosing that which they believed should not be discoverable. The amount of money they were foregoing could have rightly been subtracted from any fees due. These "other circumstances" should have certainly been considered in determining whether "an award of expenses [was] unjust." CR 37.02(3).

I am troubled that the circuit court allowed discovery from the non-parties beyond the plaintiffs' medical records. I do not think that Allstate was warranted in seeking such discovery. It is also evident that Allstate is routinely seeking this kind of disclosure to discourage medical providers from providing services and obtaining payment as seen in *Allstate Property & Casualty Insurance Company v. Kleinfeld*, 568 S.W.3d 327, 335 (Ky. 2019). Such an action harms both providers and MVA victims.

An MVA lawsuit is not an appropriate forum for Allstate to question how much Dr. Megronigle paid to E-Town for the MRIs performed on the plaintiffs. Allowing insurance companies to question the appropriateness of every medical fee incurred for injuries resulting from a MVA will disrupt the ability of injured plaintiffs to receive treatment and to receive timely reimbursement for the cost of their treatment. *See* KRS 304.39-010 (providing the stated purposes of the Motor Vehicles Reparation Act as including (2) "[t]o provide prompt payment to victims . . . ;" (3) "[t]o encourage prompt medical treatment . . . by providing for prompt payment . . . ;" and (5) "[t]o reduce the need to resort to bargaining and litigation through a system which can pay victims of motor vehicle accidents without the delay, expense, aggravation, inconvenience, inequities and uncertainties of the liability system[.]").

There is a mark-up in everything purchased, including medical services. As an insurance provider, Allstate was required to pay what the MVA victim had to pay for care. Therefore, the information on this markup was irrelevant to this MVA lawsuit. If Allstate believes there was some fraud involved with the fees for MRIs possibly relating to overcharging when automobile insurance was involved, it should be required to file a separate action against the non-parties rather than delay the resolution of a MVA lawsuit.

Accordingly, I dissent.

-25-

BRIEFS FOR APPELLANTS:   BRIEF FOR APPELLEE:

J. Fox DeMoisey     Brian D. Stempien
Louisville, Kentucky    Jessica M. Stemple
            Louisville, Kentucky