# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: FEBRUARY 24, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0060-DG

MARY PURO                                                           APPELLANT

V.
ON REVIEW FROM COURT OF APPEALS
NO. 2019-CA-0843
JEFFERSON CIRCUIT COURT 19-CI-001374

MANAGEMENT REGISTRY, INC. D/B/A                                     APPELLEE
MALONE WORKFORCE SOLUTIONS

**MEMORANDUM OPINION OF THE COURT**

**REVERSING AND REMANDING**

In this employment dispute, Mary Puro (Puro) appeals the order of the

Jefferson Circuit Court dismissing her suit and compelling arbitration against

Management Registry, Inc. D/B/A Malone's Workforce Solutions (MRI). After

careful consideration, we reverse the Court of Appeals and remand this matter

for further consideration by the Jefferson Circuit Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because this appeal arises from the trial court's order to dismiss, we

accept Puro's statement of facts as true.[1]

---

[1] *Barnett v. Cent. Ky. Hauling, LLC*, 617 S.W.3d 339, 341 (Ky. 2021); Kentucky
Rules of Civil Procedure (CR) 12.02(f).

Puro worked for Appellee MRI from December 2016 to June 2018 as a business development director in MRI's healthcare division. As part of MRI's on-boarding process, Puro signed two arbitration agreements in early January of 2017. These agreements were a mandatory condition of her employment.

Through her work, Puro identified several practices within the division that she thought were problematic. She reported the problematic practices verbally and in writing to her superior, Cheryl Rich, and attempted to contact the owners of MRI to discuss the issues further.

In June of 2018, Puro injured her foot and took leave from her work to recover. She returned to work in a wheelchair, and her employment was terminated a few days later.

Prior to filing suit, Puro communicated by counsel to MRI's attorney that she was unaware of any arbitration agreement. Her counsel advised MRI's attorney that he would review any purported arbitration agreement before filing suit if it were provided to him. MRI did not subsequently produce the agreements to Puro.

Puro filed suit in March of 2019. Puro made claims of retaliation, wrongful termination for reporting patient care issues in violation of Kentucky Revised Statute (KRS) 216B.165 and Kentucky common law, violation of 29 U.S.C.S. § 2611, violations of KRS 344.010, *et seq.* and KRS 337.385, and for punitive damages. MRI filed a motion to dismiss or, in the alternative, compel arbitration, and argued that Puro should be responsible for its attorney's fees and costs. Puro responded to the motion arguing that the arbitration clauses

2

at issue were illegal and unenforceable pursuant to the 1994 enactment of KRS 336.700(2) (hereafter KRS 336.700 (1994)), which stated in pertinent part that "no employer shall require as a condition or precondition of employment that any employee or person seeking employment waive, arbitrate, or otherwise diminish any existing or future claim, right, or benefit to which the employee would otherwise be entitled. . ."

The trial court rendered its order dismissing Puro's claims and awarding attorney's fees to MRI in early May 2019. The court found *sua sponte* and without any notice to the parties that Senate Bill 7—a pending version of KRS 336.700 (hereafter KRS 336.700 (2019)) which would become effective in late June 2019—disposed of any doubt as to whether the arbitration agreements were binding, because the pending legislation had a retroactivity clause that expressly condoned compulsory arbitration agreements as a condition of employment.

Puro appealed. While the appeal was pending before the Kentucky Court of Appeals, Senate Bill 7 became law. In addition to arguing that the arbitration agreements were violative of KRS 336.700 (1994), Puro argued that KRS 336.700 (2019) violated her due process rights and the separation of powers doctrine. A majority of the Court of Appeals panel held that Puro failed to preserve her due process and separation of powers arguments, because she did not raise her arguments pertaining to KRS 336.700 (2019) to the trial

court.[2]   Further, the court stated that the trial "court's analysis of the amended version of KRS 336.700 could not be described as *sua sponte*, as Puro's response to MRI's motion to dismiss clearly discussed the applicability of KRS 336.700 [(generally)] to the case."[3]

Judge Jones dissented, pointing out that the trial court had unilaterally applied the not-yet-effective version of the statute without giving Puro notice or the opportunity to make a record for appeal.[4]   In Judge Jones' own words, "Puro should not be faulted for failing to preserve arguments concerning a statute that had not yet gone into effect and that she had no notice the circuit court would apply prior to its effective date."[5]

This appeal followed.  We discuss additional facts as necessary below.

## II. ANALYSIS

Puro now raises two arguments before this Court.  The first being a point of procedure: though she argued before the trial court that KRS 336.700 (1994) rendered the arbitration agreements unenforceable, she was deprived of both the notice and opportunity to make any argument regarding the not-yet-effective law as applied by the trial court.  The second being a contention on the merits: that she is not bound by the agreement because the law prohibited compulsory arbitration agreements as a condition of employment when she

---

[2] *Puro v. Mgmt. Registry, Inc.*, No. 2019-CA-0843, 2020 WL 6819163, at *3-4 (Ky. App. Nov. 20, 2020).

[3] *Id.* at *3.

[4] *Id.* at *5-6.

[5] *Id.* at *6.

4

signed it, when her employment was terminated, when she filed suit, when MRI filed its motion to dismiss, and when the trial court rendered its order. Because the first issue is dispositive at this point in the litigation, we will not address her second contention.[6]

### A. Puro is entitled to notice and opportunity to be heard on the issue that ultimately caused the dismissal of her suit.

The general rule is that a party cannot raise on appeal an argument never raised before the trial court.[7] This rule of preservation is focused on an act or omission of a party, and whether the trial court had an adequate chance to rule on the issue as presented on appeal.[8] However, when the trial court

---

[6] Because the trial court made findings not on any grounds argued by the parties and we are remanding this matter, the parties must develop the record further regarding the constitutional arguments now raised on appeal and allow the Attorney General the opportunity to defend the statute. *See* KRS 418.075. At this juncture, due to the procedural defects and lack of opportunity before the trial court to address the merits of the issues now presented, the constitutional arguments are not yet ripe for this Court's consideration. Though appellate review of dismissal under CR 12.02 is *de novo*, *Lee v. Ky. Dep't of Corr.*, 610 S.W.3d 254, 257 (Ky. 2020), the trial court, with input from the Attorney General and the benefit of argument from the parties, is the appropriate court to first address the merits of the arguments that the parties were not allowed to raise or rebut.

[7] *See, e.g., Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999); *Harrison v. Leach*, 323 S.W.3d 702, 708–09 (Ky. 2010); *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) ("More importantly, this precise argument was never made in the trial court. An appellate court 'is without authority to review issues not raised in or decided by the trial court.'") (quoting *Reg'l Jail Auth. v. Tackett*, 770 S.W.2d 225, 228 (Ky. 1989)); *Combs v. Knott Cnty. Fiscal Ct.*, 283 Ky. 456, 141 S.W.2d 859, 860 (1940) ("[A]ppellant is precluded from raising that question on appeal because it was not raised or relied upon in the court below. It is an unvarying rule that a question not raised or adjudicated in the court below cannot be considered when raised for the first time in this court.").

[8] *See, e.g., Fischer v. Fischer*, 348 S.W.3d 582, 590 (Ky. 2011), *modified on reh'g* (Sept. 20, 2011), *and abrogated* by *Nami Res. Co. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323 (Ky. 2018) (stating "when an appellate court determines to reverse a trial court, it cannot do so on an unpreserved legal ground unless it finds palpable error, because the trial court has not had a fair opportunity to rule on the legal question. . . . Ultimately, it is the responsibility of the movant to put the legal ground before the

5

disposes of an issue *sua sponte*, i.e. without allowing the parties the opportunity to brief said issue and without notice of its intent to rule on grounds other than those brought to its attention by the parties, this rule is inapplicable. Instead, principles of due process guide appellate review.

Therefore, though a majority panel of the Court of Appeals affirmed the trial court's dismissal because Puro failed to preserve any objection to the application of KRS 336.700 (2019), we fail to see how Puro could have objected to something which she had no opportunity to address and no notice of as grounds for dismissal. The Court of Appeals holding would, effectively, require litigants to foresee any possible change to the law and preemptively argue its applicability or inapplicability before those litigants could raise the issue on appeal. The administration of justice would likely devolve from relative certainty into a confusing realm of perhapses if such a holding were to stand.

To put the preeminent issue as plainly as possible, the question is whether the trial court erred by applying a law not then in effect to dismiss the plaintiff's suit for reasons not argued by either party. Puro argues that though the order granting the motion to dismiss was not *sua sponte*, the court's basis in law for granting that order was *sua sponte*, which denied her the protections of procedural due process she is entitled to under law.

___

court, because it is, after all, his motion, and he bears the burden of proof and persuasion.").

6

The United States and Kentucky Constitutions guarantee against the deprivation of liberty or property without due process.[9] "The fundamental requirement of procedural due process is simply that all affected parties be given 'the opportunity to be heard at a meaningful time and in a meaningful manner.'"[10]

Civil Rule (CR) 12.02(f) allows for the defendant to seek dismissal of the complaint by motion for failure to state a claim upon which relief may be granted in lieu of filing an answer. The purpose of CR 12.02(f) is to test the sufficiency of a complaint.[11] The plaintiff is entitled to: 1) respond fully to the motion and apprise the trial court of why, in her view, the suit ought to proceed; 2) amend her complaint;[12] or 3), alternatively, dismiss her suit without prejudice so long as an answer has not been filed.[13] The benefit of the facts is on the plaintiff's side and her allegations are accepted as true.[14] CR 12.04 specifically requires a hearing on motions for "relief enumerated in Rules 12.02 and 12.03." "A 'complaint should not be dismissed unless it appears to

---

[9] The Fourteenth Amendment to the U.S. Constitution provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law." Section 2 of the Kentucky Constitution provides that "[a]bsolute and arbitrary power over the lives, liberty and property of freemen exists nowhere in a republic, not even in the largest majority."

[10] *Hilltop Basic Res., Inc. v. Cty. of Boone*, 180 S.W.3d 464, 469 (Ky. 2005) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal citation and quotation omitted)).

[11] *Pike v. George*, 434 S.W.2d 626, 627 (Ky. 1968).

[12] CR 15.01.

[13] CR 41.01(1); *see also Whaley v. Whitaker Bank, Inc.*, 254 S.W.3d 825, 829 (Ky. App. 2008).

[14] *Upchurch v. Clinton Cnty.*, 330 S.W.2d 428, 429–30, 432 (Ky. 1959).

7

a certainty that the plaintiff would not be entitled to relief under any statement of facts which could be proved in support of the claim.'"[15]  Therefore, the mandate of opportunity and notice under the federal and state constitutions finds favor under the civil rules, as well.

In *Gall v. Scroggy,* the Court of Appeals considered what procedure was required when a trial court dismissed an action absent being moved to do so by a party.[16]  The Court of Appeals adopted the following rule regarding *sua sponte* dismissals:

> If a trial court is so inclined to dismiss *sua sponte*, we believe it must afford the plaintiff certain minimal procedures as established by the Court in *Tingler* as follows:
>
> '(1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.'[17]

Though the parties have argued that this rule is applicable in the case at bar, there are key differences between *Scroggy* and the procedure followed here. Namely, there was a CR 12.02 motion before the trial court, and the parties had notice of the court's consideration of the issues as presented.  There was

---

[15] *Seiller Waterman, LLC v. RLB Props., Ltd.*, 610 S.W.3d 188, 195 (Ky. 2020), *reh'g denied* (Sept. 24, 2020) (citing *Burkhart v. Community Med. Ctr.*, 432 S.W.2d 433, 434 (Ky. 1968)).

[16] *Gall v. Scroggy*, 725 S.W.2d 867 (Ky. Ct. App. 1987).

[17] *Id.* at 869 (citing *Tingler v. Marshall*, 716 F.2d 1109, 1111-12 (6th Cir. 1983)).

no such motion before the trial court in *Scroggy*, and therefore no opportunity or notice on part of the parties to apprise the court of reasons to maintain the suit. Here, the lack of notice and opportunity came not from the lack of a motion, but instead from a lack of notice of the trial court's intention to dismiss on the grounds of a not-yet-effective law and opportunity to respond to that reasoning. Therefore, *Scroggy* has limited applicability or relevance.

While we commend the trial court's effort to anticipate a change in the law, due process required, at the bare minimum, that it allow Puro the opportunity to be heard on the issue. It did not afford her such an opportunity. Therefore, we hold that the trial court's failure to afford the appellant the most basic procedural protections, notice of its intention and an opportunity to respond, is unjustifiable, constitutionally defective, and requires reversal.

Because we are remanding this matter for proceedings consistent with this opinion, the issue of preservation is moot. However, we note that Judge Jones' view is correct: "The irregularity in process prevented Puro from effectively being able to preserve any arguments she might have had concerning the applicability, enforceability, and/or constitutionality of the newly amended version of the statute."[18]

---

[18] *Puro*, No. 2019-CA-0843-MR, 2020 WL 6819163, at *7.

### III. CONCLUSION

Based on the foregoing, we reverse the Court of Appeals and remand to the trial court with instruction to allow the parties to brief the issues related to KRS 336.700 (2019) and hear argument concerning the same.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Gary R. Adams
Abigail V. Lewis
Adams Landenwich Walton, PLLC

COUNSEL FOR APPELLEE,
MANAGEMENT REGISTRY, INC., D/B/A,
WORKFORCE SOLUTIONS:

Michael M. Denbow
Michael D. Risley
Stites & Harbison, PLLC

AMICUS CURIAE COUNSEL:
Daniel J. Cameron,
Attorney General,
Commonwealth of Kentucky